## BEASLEY v. GENERAL AMERICAN LIFE INS. CO. (seven cases).
### Nos. 3511–3513, 3528–3531.

District Court, E. D. South Carolina.
Oct. 30, 1935.

Samuel Want and Melvin Hyman, both of Darlington, S. C., J. Wesley Beasley, of Lamar, S. C., and L. M. Lawson, of Darlington, S. C., for plaintiff.

Thomas, Lumpkin & Cain, of Columbia, S. C., and Dargan & Paulling, of Darlington, S. C., for defendant.

MYERS, District Judge.

Motions to remand the above law cases to the state court having been duly noticed and heard, the court finds:

That on application of the plaintiff, Lewis J. Beasley, three policies of life insurance were issued by Missouri State Life Insurance Company on the life of the said Lewis J. Beasley, payable in case of death to Merchants & Planters Bank, Lamar, S. C., its successors or assigns. Each of the policies contained provision for payment of monthly disability benefits to the insured, should he become totally and permanently disabled before reaching the age of 60 years. The defendant, General American Life Insurance Company, subsequently purchased the assets of Missouri State Life Insurance Company, and is now the defendant in interest. Before the delivery of the policies to the death beneficiary bank (of which the plaintiff, Lewis J. Beasley, was a director), the said bank had been placed in the hands of receivers, and the plaintiff, Lewis J. Beasley, had been injured. Thereafter, the plaintiff, Lewis J. Beasley, purchased the said insurance policies from the receivers of the said bank, which bank was eliminated by change of beneficiary from any further interest.

The original complaint was dated September 28, 1932, and amended November 28, 1932, in an action seeking to recover alleged total and permanent disability benefits then due on one of the policies in a sum less than $3,000. The defendant filed answer denying any contract with the plaintiff; denying total and permanent disability; denying that the policies of insurance were ever taken out or came into existence, or that the Merchants & Planters Bank of Lamar ever took proper title to the policy; denying that the plaintiff, Lewis J. Beasley, had ever purchased the policies or that he had any title thereto;

denying that the Merchants & Planters Bank had any insurable interest; and setting up as further defenses that the policies were taken out by the liquidating agent of the beneficiary bank as a wagering and speculative operation; and, further, that knowledge of the agents of the defendant who made the delivery and accepted the payment of the initial premium, if any, would not constitute notice to their principal, Missouri State Life Insurance Company. On motion to strike, and demurrer, the court of common pleas granted the demurrer and the motion to strike, leaving as the defendant's sole defense to the action the issue of total and permanent disability. On appeal, the Supreme Court modified the circuit decree as to the defense that "the contract of insurance, if made, was a wagering one"; holding that "it appears from the more recent decisions of this court that this defense is available to the insurer after the period of contestability has run, for the reason that such a contract is against good morals and a sound public policy, and is void in its inception. * * * As to this defense, therefore, the decree * * * is reversed." Beasley v. Missouri State Life Ins. Co., 176 S. C. 156, 179 S. E. 777, 783, 784.

Causes Nos. 3528, 3529, and 3530 were brought in March, 1934, for alleged additional disability benefits due the plaintiff on the policies involved in the original suit; each of said actions being for an amount substantially less than $3,000. Counsel then entered into a stipulation agreeing that the decision of the state Supreme Court in the original case should control in these three cases. Answers were filed subsequent to the Supreme Court decision in the original cause, and the cases removed to this court. The three additional suits were brought in May, 1935, each demanding judgment in a sum substantially less than $3,000 for alleged additional accrued disability benefits; and these causes defendant undertook to remove to this court within the time provided by the removal statute (28 USCA § 72).

■ No effort having been made to remove the original cause within the provisions of the removal statute, the argument is now advanced that the availability, under the opinion of the Supreme Court of South Carolina, of the defense of speculative and wagering contract involves the validity of the face of the policy and all of the alleged disability benefits due thereunder; and that not until the matter had been so passed upon by the Supreme Court were the issues specifically fixed, with right of removal only then accruing to the defendant under the jurisdictional amount as well as diversity of citizenship.

That the period fixed by state statute (Code S. C. 1932, §§ 7986, 7987) and by the incontestability clause in the contract had expired was alleged in the original complaint. The answer set up by the defense of wagering and speculative contract is not barred either by statute or policy conditions. No new issue is presented by the decision of the Supreme Court. On the contrary, it submits that issue for consideration and disposition on trial in the state court, distinctly upholding the defendant's contention that it would, if and when established, defeat any recovery whatsoever under the policies, notwithstanding the incontestability clause and the statute. By its pleading, defendant submitted to the jurisdiction of the state court on the issue of contract or no contract, and cannot at this stage of the proceedings, and after the time within which its right of removal might have been exercised, seek to avoid or disturb that jurisdiction.

■ When the three causes, Nos. 3528, 3529 and 3530, were filed in March, 1934, no resort was had to the right of removal to the federal court under the removal statute. On the contrary, a stipulation was entered into that these claims should be controlled by the decision of the higher state court in the original action, to which appeal had been made from the decree of the court of common pleas striking certain defenses. This, in my opinion, left to the determination of the state court all of the questions raised in the answer to the original action. As already stated, the court is of the opinion that no unexpected and additional defense was made available which would bring these causes within the jurisdictional limits of this court as to the amounts involved by the determination of the Supreme Court as to what issues already raised were available.

■ As to cases Nos. 3511, 3512, and 3513, filed in May, 1935, the right of removal was invoked under the provision of the removal statute, and it is submitted that jurisdiction lies in the federal court; that the defense as to invalidity of the contract in its inception because of speculative and

wagering allegations; and also the affidavits filed as to the amounts required to be held in reserve by the defendant company to meet these and other possible demands for subsequently accruing benefits bring the amounts involved up to the jurisdictional limits. Authorities are cited against the motion to remand, which undoubtedly support that position. Penn Mutual Life Ins. Co. v. Joseph (D. C. Minn.) 5 F. Supp. 1003; Thorkelson v. Aetna Life Ins. Co. (D. C. Minn.) 9 F. Supp. 570; New York Life Ins. Co. v. Swift (C. C. A.) 38 F.(2d) 175; New York Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 73 A. L. R. 1523; Jensen v. New York Life Ins. Co. (C. C. A.) 50 F.(2d) 512; Brown v. Pacific Mutual Life Ins. Co. (C. C. A. 4) 62 F.(2d) 711.

See, also, Pacific Mutual Life Ins. Co. v. Parker (C. C. A.) 71 F.(2d) 872, 874.

These questions, however, upon the remand of the cases previously filed, will be properly at issue before the state tribunal. To remand, as the court feels it must do, the original cause of action in which the jurisdiction of the state court was submitted to, together with the three causes of action of March, 1934, under stipulation that they should be controlled by the result of the appeal in the original cause, and to hold the three causes filed in May, 1935, for trial in this court, with the identical issues properly before the state court, would result in a conflict of jurisdiction, which it is the duty of this court to avoid. Judgment in any one of those cases would settle all rights of the parties in any one of the seven law actions. "When the issue thus raised is determined in any one of these actions, it will constitute an estoppel as between the parties which can be availed of in all of the others." This language was used by the Circuit Court of Appeals of the Fourth Circuit in Pacific Mutual Life Ins. Co. v. Parker, supra, denying equitable relief and referring to several law actions pending in the state court on a policy sought to be rescinded and canceled because of alleged fraud in its procurement, which, if established in any one of the actions referred to, would vitiate the policy. The reasonings and conclusions stated apply with equal force to the matter under consideration.

I am convinced that in conformity with the time limitations of the removal statute and with the reiterated policy of the federal courts as to conflict of jurisdiction, all of these cases should be remanded to the state court; and it is so ordered.