### ARCADY FARMS MILLING CO. v. NORTHCUTT et al.

Civ. A. No. 2270.

United States District Court
E. D. South Carolina, Columbia Division.

Dec. 12, 1949.

closes that the plaintiff is a resident of the State of Illinois and that all of the defendants are citizens of the State of South Carolina.

I must, therefore, conclude that the case was removed improvidently and without jurisdiction, and that it must be remanded to the State Court, and it is so ordered.

A certified copy of this Order of Remand shall be mailed by the Clerk of this court to the Clerk of the state court.

Sloan & Sloan, Columbia, S. C., for plaintiff.

Henry H. Edens and Henry Hammer, Columbia, S. C., for defendants.

WYCHE, District Judge.

The above case was removed to this court from the Court of Common Pleas for Richland County, South Carolina, upon petition of the defendants on the ground of diversity of citizenship. It is now before me upon the motion of the defendants Lucille J. Northcutt and Lois Virginia Meyer to dismiss the action against them upon the ground that the complaint fails to state a claim against said defendants upon which relief can be granted.

It is my duty to study the record to be sure that federal jurisdiction exists before determining the motion of these defendants. I must notice and determine federal jurisdiction of my own motion. 28 U.S.C.A. § 1447(e); Sadler v. Pennsylvania Refining Co., D.C., 31 F.Supp 1.

No civil action is removable from the state court to the federal court, except one founded on a claim or right arising under the Constitution, treaties or laws of the United States, if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S.C.A. § 1441 (b). An investigation of the record dis-