## O. W. WEEKS
v.
## THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.
No. 15140.

United States Court of Appeals, Fifth Circuit.

Jan. 20, 1955.

Ernest L. Sample, Adams, Browne & Sample, Beaumont, Tex., for appellant.

Pinkney Grissom, Dallas, Tex., Thompson, Knight, Wright & Simmons, Dallas, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, HOLMES, Circuit Judge, and ALLRED, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment of the court below dismissing the appellant's complaint for lack of jurisdiction. The suit was commenced by the appellant, who filed his original petition in the state district court of Washington County, Texas, on April 6, 1953, to set aside an order of the Industrial Accident Board of Texas. Upon petition by the appellee, the suit was removed to the court below. Appellant filed a motion to remand, alleging that the petition for removal had been filed too late, but the

motion was overruled. Thereafter, the appellee filed its motion to dismiss, based upon the alleged lack of jurisdiction in the state court because of a prior suit for the same injury having been filed by the appellant in Falls County, Texas. The motion to dismiss was granted. The only question presented here is whether the court below erred in entering the judgment of dismissal with prejudice, where the petition for removal was filed after the expiration of the time specified in the statute, and where the lack of jurisdiction in the federal courts was resolved by determining that the state court had no jurisdiction.

■■ The petition for removal was filed more than 20 days after service of process upon the appellee. Section 1446 (b) of Title 28, U.S.Code, provides that a petition for removal shall be filed within 20 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 20 days after the service of summons upon the defendant, if such an initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter. The purpose of this provision as originally enacted, and as subsequently amended, was to make uniform the time for filing petitions for removal. However, the time limitation prescribed by the removal statute within which a petition for removal may be filed is not jurisdictional, but is merely modal and formal, and failure to file the petition within the allotted time may be waived, or objection to such failure may be precluded by estoppel. Miller v. Kent, C.C., 18 F. 561; Marking v. New St. Louis & Calhoun Packet Co., D.C., 48 F.Supp. 680; Hamilton v. Hayes Freight Line, D.C., 102 F.Supp. 594.

■ The appellee contends that the appellant waived his right to object to the late filing of the petition for removal by corresponding with the clerk of the court below, in that such correspondence constituted an appearance, by demanding therein a jury trial and requesting a continuance. There is nothing in the record to support these contentions. The said correspondence did not constitute an appearance by the appellant, and it is clear that he has not asked for any affirmative relief in the federal court other than by his motion to remand. We think that the appellant has not waived his right to have the case remanded; and, since the petition for removal was filed after the expiration of the 20 days specified in the statute, the motion to remand should have been sustained. If the refusal to remand was erroneous, the judgment of dismissal was likewise erroneous. Ruff v. Gay, 5 Cir., 67 F.2d 684, affirmed 292 U.S. 25, 54 S.Ct. 608, 78 L.Ed. 1099.

■ There is presented the ancillary question of whether the cause should be remanded rather than dismissed, when there is a conflict over the state court's jurisdiction under the Workmen's Compensation Laws of Texas. Texas Vernon's Ann.Civ.St. Article 8307a. Where the lack of jurisdiction in the federal court is based on lack of jurisdiction in the state court, the action should be remanded rather than dismissed. Under the former removal statute, which contained provisions authorizing dismissal or remand, a dismissal was usual. However, the present statute contains provision only for remand to the state court, and we think that a remand is the proper procedure. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; Pabst v. Roxana Petroleum Co., D.C., 30 F.2d 953; Beasley v. General American Life Ins. Co., D. C., 12 F.Supp. 504; Cyclopedia of Federal Procedure, Vol. 2, p. 408.

■■ The case removed must be one within the jurisdiction of both the court from which, and the court to which, it is removed. If the state court has no jurisdiction, the federal court acquires none. Lambert Run Coal Co. v. Baltimore & O. R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671. When an action over which a state court has

no jurisdiction is removed to the district court, the district court acquires no jurisdiction upon removal, even though it would have had jurisdiction if the action had originally been brought in the district court, since by reason of lack of jurisdiction there was no pending action in the state court, and hence no action which could be removed to the district court. Bee Mach. Co. v. Freeman, 1 Cir., 131 F.2d 190, affirmed 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509.

The judgment is reversed, with directions to set aside the dismissal and remand the cause to the state court.

Reversed and remanded.