Anna B. COOPER, Executrix of the Estate of George G. Cooper, Deceased, Plaintiff,

v.

GEORGIA CASUALTY & SURETY COMPANY and Canal Insurance Company, Defendants (two cases).

Civ. A. Nos. 4757, 4929.

United States District Court
W. D. South Carolina,
Greenville Division.

Heard June 7, 1965.

Decided June 9, 1965.

J. D. Poag, Price & Poag, Greenville, S. C., James P. Mozingo, III, Benny R. Greer and Archie L. Chandler, Darlington, S. C., and Baskin & Cothran, Bishopville, S. C., for plaintiff.

O. G. Calhoun, Jr., and W. Francis Marion, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., for defendant Georgia Cas. & Sur. Co.

Wesley M. Walker, Greenville, and O. Doyle Martin, Belton, Leatherwood, Walker, Todd & Mann, Greenville, for defendant Canal Ins. Co.

HEMPHILL, District Judge.

Heard by this Court were motions by plaintiff to remand this entire contro-

versy to the Court of Common Pleas for Greenville County, South Carolina, because of a lack of complete diversity of citizenship, and by defendant Canal Insurance Company to dismiss the action against said defendant because of lack of diversity of citizenship, or, in the alternative, to remand the cause of action against Canal Insurance Company to the Court of Common Pleas for Greenville County, South Carolina, under and by virtue of the provisions of 28 U.S.C.A. § 1441 et seq. upon the ground failure of complete diversity and improper joinder.[1]

These actions were originally commenced in the Court of Common Pleas for Greenville County, South Carolina, in one of which plaintiffs sought to collect a judgment of $100,000 plus costs and the other of which plaintiff sought to collect $75,000 plus costs. The matters have previously been before the Supreme Court of South Carolina in the case of Cooper v. Georgia Casualty & Surety Company and Canal Insurance Company[2] and from the Editor's synopsis we find the following:

"Action by insureds' judgment creditor against liability insurers on policies covering loss which was basis for rendering of judgment against insured. The Common Pleas Court, Greenville County, Frank Eppes, J., entered judgment adverse to insurers, and they appealed. The Supreme Court, Moss, J., held that two causes of action, either or both of which could be prosecuted by separate action, were alleged in complaint and two primary rights or subjects of controversy were presented for adjudication, that insur-

ers, which had agreed to pay all damages which insureds became legally obligated to pay because of bodily injuries or death, could be sued together in one death action arising from operation of insured tractor-trailer, and that separate statement of causes of action against insurers was required, where two causes of action had been alleged."

From the lucid opinion by Judge Moss, we find direction for this Court: [these actions] "can be pursued by plaintiff only in her right as third party beneficiary on their respective contractual obligations to pay the amount which insureds have become legally obligated to pay," 244 S.C. at 291, 136 S.E.2d at 777, and "[l]ikewise, here, each insurer is affected by the cause of action against the other under the rule of contribution." 244 S.C. at 293, 136 S.E.2d at 778. In ruling that plaintiff might pursue against defendants, the Court upheld the Order overruling the demurrer of Canal upon the ground of misjoinder of causes of action, but upheld the right of defendant Georgia Casualty & Surety Company to require plaintiff to amend her complaint by separately stating the causes of action.

■ Here defendant Georgia Casualty filed the Petition and Bond for Removal, and Canal filed none. Georgia Casualty asked removal by virtue of the authority granted the Court under the provisions of Title 28 U.S.C. § 1441(c).[3] The removing party has the burden of showing removability.[4] Of course, removability is to be determined from the record as it existed at the time removal was effectuated. See Rick v. Hedrick, n.

---

1. All parties admitted that plaintiff was a resident of South Carolina, defendant Georgia Casualty & Surety Company, a Georgia corporation and Canal Insurance Company, a South Carolina insurance corporation.

2. 244 S.C. 286, 136 S.E.2d 774.

3. Which provides: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more other-

wise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

4. Rick v. Hedrick, 167 F.Supp. 491, 492 (W.D.Mo.1958); Puritan Fashions Corp. v. Courtaulds Ltd., 221 F.Supp. 690, 696 (S.D.N.Y.1963); Lancer Industries, Inc. v. Amer. Ins. Co., 197 F.Supp. 894, 896 (W.D.La.1961).

4, supra; and Wright on Federal Courts (1963) p. 114.

In construing the right of defendant Georgia Casualty & Surety Company to have the case removed, we are mindful of the previous decision of this Court in Heatherington v. Allied Van Lines, Inc., 194 F.Supp. 6 (W.D.S.C.1961), in which Judge Wyche held:

"However, it is my opinion that, unless a separate and independent claim or cause of action exists, it is necessary that all defendants join in the petition for removal. Gjerde v. Thelander, D.C., 294 F. 292; Chicago, R. I. & P. Railway Co. v. Martin, 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055; Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303; Gableman v. Peoria, D. & E. Railway Co., 179 U.S. 335, 337, 21 S.Ct. 171, 45 L.Ed. 220.

"Since only two of the three defendants joined in the petition for removal, it is my opinion that the case has been improvidently removed to this court, and for this reason, on my own motion.

"It is Hereby Ordered, That the case be remanded to the Court of Common Pleas of Spartanburg County, for trial."

"An action which does not involve a federal question may be removed to federal court only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." 1 Barron & Holtzoff (Wright Ed.) § 103, p. 474, citing Arcady Farms Milling Co. v. Northcutt, 87 F.Supp. 373 (E.D.S.C. 1949).

The South Carolina Supreme Court opinion held, in substance, that despite the fact that two separate causes of action were alleged, that the plaintiff could pursue against both defendants in one suit. Not decided here is the question as to whether or not, under the Erie Rule, this procedural determination is binding upon this Court. In any event, it is persuasive regarding application of the removal statute, and in considering the authority cited above, is really dispositive of plaintiff's motion to remand, which should be granted.

■ Also appropriately considered is 28 U.S.C. § 1441(c). As the Supreme Court pointed out in American Fire and Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 95 L.Ed. 702, this statute was designed to restrict the removability of cases. Note as well Cannon v. Goodyear Tire & Rubber Co., 241 F.Supp. 23 (E.D.S.C.1965).

■ Allowing, *arguendo*, that the causes of action are absolutely severable and independent, it would still seem, from the record, that all the relevant facts as to whether or not the two defendant insurance companies are liable for the judgment obtained should and can be easily tried in one forum, at one time. The facts are interlaced all flowing from one automobile collision.—Why should this matter be disposed of in a piecemeal fashion? When there is no good reason for separate trials, piecemeal disposition of litigation is less than "justice." See Cannon v. Goodyear Tire & Rubber Co., supra.

Proper application of § 1441(c) is not as easy as appears on the surface, see Wright, supra, § 39, but application must be had.

This Court has authority under § 1441 (c) to remand completely "all matters," and that is what it intends to do.

For the foregoing reasons, this case is hereby remanded to the State Court from which removal was had.

Costs will follow. The Clerk will enter judgment accordingly.

And it is so ordered.