Roine R. FUGARD, d/b/a Roine Russell Imports, Plaintiff (Respondent),

v.

Suzanne THIERRY, d/b/a Suzanne Thierry Parfums, Defendant,

and Pearson Pharmacal Company, Inc., a corporation, Suzanne Thierry Parfums, Inc., a corporation, Martin Zweig, Thomas Reach and Richard Duff, Defendants (Petitioners).

Elmer F. LAYDEN, Jr., Plaintiff,

v.

ZANTOP AIR TRANSPORT, INC., a corporation, and Saturn Airways, Inc., a corporation, Defendants.

Nos. 66 C 1125, 67 C 19.

United States District Court
N. D. Illinois, E. D.
March 17, 1967.

744

No. 66 C 1125:

Michael M. Lyons, Sonnenschein, Levinson, Carlin, Nath & Rosenthal, Chicago, Ill., for plaintiff.

Howard L. Kastel, Altheimer, Gray, Naiburg, Strasburger & Lawton, Chicago, Ill., for defendant.

No. 67 C 19:

William H. Schrader, Heineke, Conklin & Schrader, Chicago, Ill., for plaintiff.

John J. Kennelly, Chicago, Ill., for intervenor.

McBreen & Tobin, Chicago, Ill., for defendant Saturn Airways, Inc.

Irving G. Swenson, Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for defendant Zantop Air Transport, Inc.

MEMORANDUM AND ORDER

CAMPBELL, Chief Judge:

Both of these cases present motions to remand to state court. These cases, though unrelated and not consolidated, raise similar issues in the pending motions and for that reason the motions will be decided together.

*Fugard v. Thierry*

This action for breach of contract was initiated in the state court in December, 1962. At that time only Suzanne Thierry was named as a defendant. Since the citizenship of the parties was diverse; the defendant was not a citizen of Illinois; and the amount in controversy was in excess of $10,000, the case could have been removed to a United States Court on the timely petition of defendant. (28 U.S.C. § 1441) Defendant Thierry, electing to proceed in the state court, filed her answer and participated in discovery procedures.

In April, 1966, more than three years after the action was originally initiated, plaintiff filed an amended complaint in the state proceeding and named as additional defendants the petitioners herein. There remains in the total case complete diversity of citizenship. The amended complaint retains the action for breach of contract against the original defendant, Suzanne Thierry and adds additional counts charging the additional defendants with the inducement of the breach. These additional defendants filed a timely petition to remove to this court.

Plaintiff by its present motion to remand argues that all defendants must join in a petition to remove and that defendant Thierry did not and could not join in the petition to remove because of her election to proceed in the state court. Plaintiff further argues that this case, even with the additional counts and additional defendants named in the amended complaint, involves only one cause of action within the meaning of the removal statute (28 U.S.C. § 1441) and should be remanded to the state court.

I am in agreement with plaintiff's position that defendant Thierry waived her right to remove when she failed to make timely application and elected to submit to the jurisdiction of the state court. (Cyclopedia of Federal Procedure, § 3.101.) The filing of an amendment to a complaint gives rise to a new right of removal only if the amendment so changes, "the character of the litigation as to make it substantially a new suit begun that day." (Fletcher v. Hamlet, 116 U.S. 408, 410, 6 S.Ct. 426, 427, 29 L.Ed. 679.) The amended complaint filed by plaintiff made no change of substance as it concerns defendant Thierry. Therefore, she could not, as apparently she did not, join in the petition for removal. Since all defendants must join in a petition for removal, when the initial defendant waived her right to remove the other defendants fell subject to the same disability. (Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679; Moore's Federal Practice, Vol. 1A § 0.168(3–2))

The only other plausible theory to support the petition for removal would seem to be that the claim against the petitioners in the amended complaint constitutes a "separate and independent claim or cause of action" under subsection (c) of 28 U.S.C. § 1441, which provides that when separate and independent claims otherwise removable are joined with non-removable claims the case may be removed and the federal court may hear the entire case or in its discretion, may remand that portion not otherwise within its jurisdiction. Thus, if the amendment here as it concerns the additional defendants, involves a separate and independent cause of action within the meaning of § 1441(c) that separate cause of action, and indeed the entire case if the court deems proper, may be removed.

The Supreme Court in analyzing subsection (c) in American Fire and Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702, first compared the "separate and independent claim or cause of action" test found in the present act

with a "separable controversy" test found in the prior act. (28 U.S.C. (1946 Ed.) § 71.) In adopting the separate and independent claim or cause of action test in lieu of the provisions of the former act, the court found that the purpose of Congress was to limit and abridge the right of removal from state courts. (341 U.S. at 10, 71 S.Ct. 534.) Consistent with this Congressional purpose the court, to limit removal, adopted a very broad interpretation of the term claim or cause of action as used in 1441(c).

The facts in *Finn* were these: Plaintiff, a citizen of Texas, sued two foreign insurance companies and a Texas insurance agent. The plaintiff claimed alternative relief against one or the other foreign insurance companies on policies issued by them or against the agent for failure to keep her property insured. The foreign insurers, alleging diversity jurisdiction removed the claim against them to the federal court. The district court accepted the entire case based on its reading of 1441(c). After judgment was entered against one of the foreign insurance companies and for the other company and the Texas agent, the company against whom judgment was entered appealed arguing that the court was without jurisdiction because the resident agent's Texas citizenship destroyed the essential diversity jurisdiction requirement and the claim against the foreign companies was not removable as a separate and independent cause of action within the meaning of 1441(c).

In determining that there was no separate and independent cause of action within the meaning of § 1441(c), and that therefore no part of the case was removable, the Supreme Court noted that the allegations concerning the Texas agent involve the same facts and transactions as the allegations concerning the foreign companies and that the damage to plaintiff came from a single incident. The court then stated:

" * * * we conclude that where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under 1441(c)." American Fire and Casualty Co. v. Finn, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702.

As obviously intended by the court, the effect of the *Finn* case has been to greatly restrict removals. As I have previously stated in Browne v. Hartford Fire Insurance Co., D.C., 168 F.Supp. 796, 797, " * * * the purpose of removal legislation is to provide an impartial federal forum to a non-resident defendant who has been unwillingly brought into a state court." The need for such protection is questionable where the defendant, though in formal legal parlance foreign in citizenry, is in substance a resident by virtue of conducting business within the state and is ably represented by local counsel. I also noted in *Browne* that the trend is to restrict jurisdiction in removal cases to reduce the volume of state cases that have been pouring into federal courts. I believe the continuation or even acceleration of this trend is in the interest of both the state and federal courts.

Applying the strict cause of action rule of *Finn* to the facts of this case, I find that even with the additional defendants and additional counts there is but one cause of action. The complaint charges that the original defendant Thierry employed plaintiff as her exclusive sales agent for Chicago and the Midwest. The complaint further charges that Thierry without cause breached that agreement by refusing to deal with plaintiff. As against the additional defendants (removal petitioners herein) the complaint charges that each of them, knowing of the agency relationship between plaintiff and defendant Thierry, conspired to induce Thierry to breach her agency contract and to appropriate to themselves the commissions properly due plaintiff. The allegations concerning the additional defendants "involve substantially the same facts and transactions" as the allegations concerning defendant Thierry.

In Mayflower Industries v. Thor Corp., 3 Cir., 184 F.2d 537, a case factually somewhat analogous to this case, the Court of Appeals for the Third Circuit reached a similar result though without the benefit of the *Finn* rationale. The plaintiff in *Mayflower* had been an exclusive distributor of Thor products. In its complaint, plaintiff, a New Jersey citizen, charged defendant Thor, an Illinois citizen, with wrongfully cancelling the contract. The complaint also named a second defendant, a New Jersey citizen, and charged that it had conspired with defendant Thor to cause the cancellation and to replace plaintiff as exclusive distributor. Although the additional defendant destroyed diversity, the case was removed to the federal court on the theory that despite the lack of diversity between plaintiff and the New Jersey defendant, the controversy between plaintiff and the Illinois defendant was removable as a separate and independent cause of action, thus enabling the entire case to be removed pursuant to 1441(c). The Court of Appeals reversed stating that the actions of the two defendants were, " \* \* \* at most but two aspects of a single economic injury." (184 F.2d at 539) The court further stated (at 539):

> It is even more significant that the circumstances and alleged illegality of the termination of Mayflower's distributorship by Thor constitute the principal controversial issue in the establishment of any cause of action by Mayflower against Teldisco. (the New Jersey defendant) *There is almost complete coincidence of the basic operative facts.* Thus analyzed, the claims are not separate and independent. (Emphasis supplied)

Applying the rationale distilled from the *Finn* and *Mayflower* cases[1] to the facts of this case, I can conclude only

that there is here no separate and independent cause of action within the meaning of 1441(c). Despite the amendment to the complaint with the addition of two counts and with the naming of additional defendants, this is essentially the same case as that originally filed. It arises from the same factual transactions and of lesser importance proceeds on the same legal theory, breach of contract. It differs only in the allegations that the additional defendants induced the breach. Parties often alter their theory of a case and include additional counts or additional defendants after they have been enlightened by discovery.

Since defendant Thierry had waived her right to remove and could not join in the petition, as all defendants must, the petition is insufficient and the case should be remanded to the state court.

To the extent that Baron v. Brown, D.C., 83 F.Supp. 520, and Bator v. Hungarian Commercial Bank, D.C., 90 F.Supp. 609, are inconsistent, they are disregarded as those cases were decided before *Finn* and without the benefit of its rationale.

It is appropriate I believe to comment on another distinction, though not raised by the parties, between the facts here and those in both *Finn* and *Mayflower*. In those cases the "non-removable" aspect of the case was a lack of diversity, a basic impediment to federal jurisdiction. The non-removable portion of this case was initially federally cognizable, but became non-removable through defendant Thierry's election to proceed in the state court. I only note the distinction, I do not view it of such substance to require a different result.

The motion of plaintiff to remand Fugard v. Thierry to the Circuit Court of Cook County, State of Illinois, is granted, and the Clerk is hereby directed to deliver to the Clerk of the Circuit Court of Cook County a certified copy of this

[1]. Actually the rationale of the two courts differed somewhat in that while *Finn* concluded there was only one cause of action, *Mayflower* reasoned that there may be two causes of action but they were not separate and independent. Had the *Mayflower* court the benefit of the *Finn* opinion it may well have reached its result through the *Finn* reasoning.

Order of remand and the necessary and related file herein.

### Layden v. Zantop

This case, a negligence action arising out of an airplane crash, was also filed originally in the Circuit Court of Cook County, State of Illinois. The plaintiff, owner of a damaged aircraft, claims for property damage only. The defendants are the owner and operator (on a lease arrangement) of an aircraft which allegedly was negligently operated and thereby caused the crash.[2] The property damage suit seeks damages in the amount of $75,000.

In the accident, the pilot of plaintiffs plane was killed. A few months prior to the filing of this property damage suit, a wrongful death action was filed in the same Circuit Court of Cook County, by the executor of the decedent pilot's estate. The suit names the same defendants and contains the same basic allegations of negligence as this suit. It seeks damages in the amount of $5,000,000. Defendants are represented by the same able counsel in both cases. (The two cases are hereinafter referred to as the "property damage" case and the "wrongful death" case.)

When filed, both cases were federally cognizable and removable. Like the original defendant in the *Fugard* case, defendant Saturn elected not to remove the first filed wrongful death case. By that election of Saturn, defendant Zantop fell subject to the same disability. (Fletcher v. Hamlet, 116 U.S. 408, 6 S.Ct. 426, 29 L.Ed. 679; Moore's Federal Practice Vol. 1A § 0.168(3–2).) Counsel for defendant Saturn in their brief state that they did not petition to remove because they misunderstood the time limitations. While plaintiffs question this explanation and the motives of defendant, I do not think it is proper to do so, nor do I think their motives are in any way relevant. Defendants have elected to proceed in the state court on the wrongful death case and are thereby precluded from removing that case.

When this property damage suit was initiated however, defendants did file a timely petition to remove to this court. The plaintiff in this case, joined by the plaintiff in the now non-removable wrongful death case,[3] seeks an order of remand to the state court.

■ The injuries in both cases were simultaneously caused by a single occurrence and both cases are identical in their facts. They certainly could have been, and I suggest should have been, joined from the start. It is also my understanding that under present state court practice these cases would undoubtedly be consolidated. (As would be the result if they were filed in this court. General Rules, U.S. District Court, Northern District of Illinois—Rule 10(B) 5). Since defendants cannot remove the first case, in determining whether they may remove the second the issue turns upon whether the second case presents a "separate and independent claim or cause of action" within the meaning of 1441(c). (28 U.S.C. § 1441(c)) In determining whether it is a separate and independent cause of action, it must be borne in mind that here unlike *Fugard* we have separate plaintiffs (as opposed to separate defendants) who have filed separate lawsuits, though in the same Circuit Court of Cook County.

Adopting again the language of the *Finn* case, " * * * the damage comes from a single incident * * *," 341 U.S. at 16, 71 S.Ct. at 541 and the allegations "involve substantially the same facts and transactions." (341 U.S. at 16, 71 S.Ct. at 541) As in Mayflower, " * * * there is almost complete coincidence of the basic operative facts." (184 F.2d

---

2. Defendant Saturn Airways, Inc. is the owner and defendant Zantop Air Transport, Inc. the operator of the aircraft. There is apparently a "hold harmless" agreement between the defendants and in favor of owner Saturn.

3. Plaintiff in the wrongful death case requested and was granted permission to intervene in the property damage case and to join in this motion to remand.

at 539) Surely the single occurrence test suggested by *Finn* and *Mayflower* may be applied to this factual situation. Actually these tests would appear to be more appropriately suited to tort cases than the contract cases which were before the courts in *Finn* and *Mayflower*. The more troublesome factor in this case is not the nature of the claim but the fact, as mentioned, that we are here dealing with multiple plaintiffs who have filed separate suits whereas *Finn* and *Mayflower* and most other reported cases are concerned with a single plaintiff who had filed a single case involving related controversies against multiple defendants.

Whether each plaintiff's right to recovery constitutes a separate claim or cause of action within the broad meaning of 1441(c) is a matter of some dispute among the authorities. For example Barron and Holtzoff, Federal Practice and Procedure, Vol. 1, § 105, p. 495 indicates they do not:

> The Finn case held that there is but a single cause of action where a single plaintiff makes alternative claims against a number of defendants arising from an interlocked series of transactions, since there is but a single wrong to the plaintiff. Similarly it should be held that where a number of plaintiffs join their claims against a single defendant, arising from a common wrong which he has committed, removal is not permissible.

On the other hand Moore's Federal Practice, Vol. 1A, § 0.163(2), p. 657, appears to take a contrary view.

> Where, because of a common question of law or fact, several plaintiffs join in one action to sue a defendant on their various individual claims, these claims are separate and independent within the meaning of 1441(c).

\*   \*   \*   \* . \*   \*

And at § 0.163(4–5), p. 710:

> If the plaintiffs, for example are suing to enforce a right held jointly by them, they are not asserting separate claims. If, on the other hand, the plaintiffs, having joined in the action because of a common question of law or fact, are proceeding to enforce rights that are individual to them, then the action involves separate and independent claims for removal purposes.

Compare Removal under § 1441(c), 52 Columbia Law Review 101, 107 where the author concludes that multiple plaintiffs may have a "single" claim within the concept of 1441(c).

> The argument that, under the "single injury" concept of cause of action, a suit brought by multiple plaintiffs would consist of as many causes of action as there are plaintiffs seems insupportable: if all the plaintiffs had been injured by the same act or group of acts, as would have to be the case under State joinder rules, there would be a common occurrence or transaction binding the component parts of the litigation. In the case of multiple defendants acts are connected by their common result, while in the case of multiple plaintiffs separate results are related by their single source.

The reference at Barron and Holtzoff and by the Columbia note editor to joined cases and joinder rules indicates they have presumed that their hypothetical plaintiffs were joined in the state court action and have not maintained separate suits as the plaintiffs here have done.[4] I do not view the distinction as substantial. More important than their having been joined is the fact that they are legally related and could have been joined,—though I do not mean to imply that the capability of being joined is in itself the sole criteria of the "single occurrence" or "related facts" tests applied in *Finn* and *Mayflower*.

4. The intervention here of the plaintiff in the wrongful death action and his joining in the motion to remand the property damage case indicates an intent to join the actions if remand is ordered.

The author of the above quoted law review note cites as authority Clark, Code Pleading, p. 140 (2nd Ed. 1947). Professor Clark has long advocated the theory that a single occurrence gives rise to one cause of action notwithstanding the existence of multiple plaintiffs. In his hornbook he illustrates this point using the exaggerated example of the San Francisco earthquake—i. e. one occurrence, one cause of action, though many potential lawsuits. Significantly, the Supreme Court in the *Finn* case refers to the discussion and definition of "cause of action" in Clark on Code Pleading. (341 U.S. at 14, 71 S.Ct. 534.)

As in *Fugard*, decided herewith, there is a "single occurrence" and a single cause of action. Defendants, having elected to proceed with the wrongful death controversy in the state court, have waived their right to remove this related property damage controversy. (See Beasley v. General American Life Ins. Co., D.C., 12 F.Supp. 504.) As in *Fugard* I see no substantial distinction in the fact that the non-removable (wrongful death) claim was originally federally cognizable, whereas in *Finn* and *Mayflower* the non-removable portion, due to lack of diversity, bore jurisdictional impediments.

In reaching this decision I am fully aware that there is as yet no precedent for the application of the *Finn* doctrine to circumstances involving plaintiffs who have initiated separate though related lawsuits in the state court.

I am equally aware of the practical considerations which give support to my decision. If I denied the motion to remand and retained jurisdiction, two courts of competent jurisdiction within the same city would entertain basically the same lawsuit, that is, involving substantially the same factual and legal issues, the same attorneys, and the same parties. Costly and duplicitous pretrial preparation would also be necessary. Considering the well known and much publicized backlog of cases and the shortage of manpower on the bench and in the litigation practice field, it would be asinine to facilitate such a possibility. As aptly stated in Cooper v. Georgia Casualty and Surety Company, D.C., 241 F.Supp. 964, 966:

"Allowing, arguendo, that the causes of action are absolutely severable and independent, it would still seem, from the record, that all of the relevant facts as to whether or not the two defendants insurance companies are liable for the judgment obtained should and can be easily tried in one forum, at one time. The facts are interlaced all flowing from one automobile collision. —Why should this matter be disposed in a piecemeal fashion? When there is no good reason for separate trials, piecemeal disposition of litigation is less than 'justice.'"

In sum, these considerations seem both judicious and practical and clearly dictate a remand.

The motion of plaintiff to remand to the Circuit Court of Cook County, State of Illinois is granted and the Clerk is hereby directed to deliver to the Clerk of the Circuit Court of Cook County a certified copy of this order of remand and the necessary related file herein.