NATIONAL FARMERS UNION PROPERTY AND CASUALTY COMPANY, Petitioner,

v.

Lawrence SCHARBERG, Acting By and Through his guardian ad litem, William T. Hodges, Respondents.

Civ. No. 2745.

United States District Court
D. Montana,
Great Falls Division.

July 17, 1968.

Hutton, Schiltz & Sheehy, John C. Sheehy, Billings, Mont., for petitioner.

Church, Harris, Johnson & Williams, Douglas C. Allen, Great Falls, Mont., for respondents.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

A motion to remand this case, which was removed from the state court in Great Falls, raises a troublesome problem of federal jurisdiction.

Truck Insurance Exchange (Truck) brought a declaratory judgment action in the state court to determine its liability under the uninsured motorist clause[1] in a policy which it issued to Meyer. (The term "Meyer" is used to designate Kenneth E. Meyer, his deceased wife, and four minor children.)

The facts creating the controversy are these: Scharberg drove his car into Meyer who recovered judgment against Scharberg in the amount of $189,103.50. Scharberg had procured a policy with five and ten limits from National Farmers Union Property and Casualty Company (National). Following the accident National denied liability on the ground that Scharberg had been guilty of fraud in procuring the policy. In the declaratory judgment action Truck joined Scharberg, National and Meyers as defendants, and contended that the National policy was in effect and, hence, that Meyer was not injured by the action of an uninsured motorist. The propriety of National's denial of liability was a central issue in the declaratory judgment action as it was framed by the pleadings. In its then posture the case did not satisfy the diversity requirements and could not be removed to the federal court. National then faced a determination by the state court of the propriety of its action in denying liability.[2]

1. "3. Uninsured Motor Vehicle. 'Uninsured motor vehicle' means (a) a motor vehicle with respect to the ownership, maintenance or use of which there is no bodily injury liability insurance or bond applicable at the time of the accident, or (b) *there is such applicable insurance or bond but the company writing the same denies coverage thereunder*, or (c) a motor vehicle used without the permission of the owner thereof if there is no bodily injury liability insurance or bond applicable at the time of the accident with respect to the operator thereof, or (d) a hit-and-run motor vehicle. The term uninsured motor vehicle shall not include: . . ." (Emphasis added)

2. The problem is somewhat clouded by the fact that prior to, but on the same day that the petition for removal was filed, the state district court granted a motion for summary judgment in favor of Meyers and against Truck. This court is not advised of the basis of the state court's decision, nor whether it is now final. It is probable that the state district court decided that under the provisions of the Truck policy the fact of National's denial of coverage was, in and of itself, sufficient to make Scharberg an uninsured motorist without regard to the propriety of the denial. At the time of removal, however, the time for appeal to the state supreme court had not expired and, conceivably, the supreme court could have

When Scharberg filed his cross-claim seeking to require National to indemnify him in the full amount ($189,103.50) of the judgment against him, then, as between Scharberg and National, there was an action which, if separately filed, would have been removable. A principal issue in that action would have been the propriety of National's denial of liability. Under these circumstances may this court take jurisdiction of all or any part of the controversy under the provisions of 28 U.S.C. § 1441(c)?[3]

 The United States District Court in Montana is committed to the proposition that § 1441(c) is not, as suggested by Professor Moore,[4] limited to claims joined by the plaintiff. Wayrynin Funeral Home, Inc., v. J. G. Link & Company, et al., 279 F.Supp. 803 (D. Mont.1968); Myers v. Cain, decided January 24, 1968, D.C.Mont., 287 F.Supp. 352. Both of the cited cases were third-party complaint cases, and in both cases the third-party defendant not initially joined was the removing party. Each case involved an issue of indemnity not presented by the pleadings between the plaintiff and the defendants. There seems to be no reason to distinguish between an issue created by a cross-claim and one created by a third-party complaint in determining problems of jurisdiction if, in fact, the claims asserted are independent. Where, however, the issue to be tried by the federal court on the removed claim, judged at the time of the filing of the petition for removal,[5] is the same issue which was to be tried between the same parties on the non-removable claim, then the court is of the opinion that the claim sought to be removed is not independent and may not be removed under 1441(c).

For these reasons the cause is remanded to the District Court of the eighth Judicial District of the State of Montana.

Each party shall pay its own costs.

---

reversed the district court and required that the propriety of National's denial of liability be adjudicated. Thus, at the time of the removal National still faced the risk of an adjudication of its liability in the state court.

3. "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the District Court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

4. 1A Moore, Federal Practice, Par. 0.167 (10) (2d ed. 1965).

5. Cooper v. Georgia Casualty & Surety Co., 241 F.Supp. 964 (W.D.S.C.1965); First Natl. Bank of Lake Providence v. American Marine & General Ins. Co., 181 F.Supp. 285 (E.D.Ark.1960).