**LAWYERS TITLE INSURANCE CORPORATION, Plaintiff,**

v.

**PIONEER NATIONAL TITLE INSURANCE CORPORATION, and LLL, Inc., Defendants.**

**Civ. A. No. 84–1000–15.**

United States District Court, D. South Carolina, Rock Hill Division.

Dec. 11, 1984.

Melvin B. McKeown, Jr., York, S.C., for plaintiff.

Robert W. Dibble, Jr., Columbia, S.C., S. Jackson Kimball, York, S.C., for defendants.

## ORDER

HAMILTON, District Judge.

This is a declaratory judgment action seeking the resolution of the relative obligations between two title insurers. Jurisdiction is allegedly based upon 28 U.S.C. §§ 1332 and 1441(c). The matter is before the court upon motions of the plaintiff and defendant LLL, Inc. (hereinafter "LLL") to remand this action.

This action was originally instituted in the Court of Common Pleas of York County, South Carolina, by the filing of a complaint. Service of such complaint was effected upon defendant LLL on March 14, 1983, and upon defendant Pioneer National Title Insurance Corporation (hereinafter "Pioneer") on March 21, 1983. The complaint contains the following allegations. LLL sought to purchase a number of acres of land in York County for commercial development, but such land was subject to a restrictive covenant preventing commercial use. After LLL obtained a release of the restrictive covenant from the previous owner and original developer of this land, Pioneer issued a title insurance policy insuring the commercial use of this land over the restrictive covenants. It is alleged that LLL also sought to obtain title insurance against the claims of the Catawba Indian Tribe, which was not covered under the policy issued by Pioneer. LLL thus approached the plaintiff to obtain such insurance, and the plaintiff issued a policy of title insurance containing the same language as the policy issued by Pioneer, but including coverage for any claims by the Catawba Indian Tribe.

When LLL began to make commercial use of the property in question, the surrounding landowners brought a state court action to enforce the restrictive covenants. By order entered December 2, 1983, LLL was enjoined from violating the restrictive covenants originally placed on the property.

During the pendency of the state court proceedings to enforce the restrictive covenants, the present action was filed in state court. The plaintiff contended that the policy of insurance issued by Pioneer was intended to be the primary insurance for the inability to use this property for commercial purposes, and the policy issued by the plaintiff was intended to cover solely claims from the Catawba Indian Tribe. The complaint sought reformation of its insurance policy and a declaration of the rights and obligations of the respective parties. At that stage of the case, the matter could not be removed to federal court.

> No civil action is removable from the state court to the federal court, except one founded on a claim or right arising under the Constitution, treaties or laws of the United States, if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought. 28 U.S. C.A. § 1441(b).

*Arcady Farms Milling Co. v. Northcutt,* 87 F.Supp. 373, 374 (E.D.S.C.1949).

After proceedings went forward in state court, Pioneer (now known as Ticor Title Insurance Company) instituted a declaratory judgment action in this court seeking a declaration of the relative rights and obligations of the respective parties. This complaint, Civil Action Number 84–0641–15, was filed in this court on March 30, 1984. As a result of this action, LLL sought to assert a counterclaim and cross-claim in the state court action. In the counterclaim, LLL sought payment under the Lawyers Title Insurance policy. In the cross-claim, LLL sought recovery under the Pioneer policy, and also sought to impose liability for Pioneer's alleged bad faith in instituting a federal court action to adjudicate the same issues being considered in the state court proceedings.

The cross-claim was served in this action on May 2, 1984, and Pioneer filed a removal

petition on May 7, 1984, only two days before trial was to begin in state court. Pioneer asserts that the filing of the cross-claim presents an independent cause of action which is removable under 28 U.S.C. § 1441(c). The plaintiff and defendant LLL have moved to remand this matter to the Court of Common Pleas for York County.

The issue, as framed for this court, is whether a cross-claim between two defendants may be the basis for the removal of a case under 28 U.S.C. § 1441(c), which states:

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Pioneer asserts that LLL's cross-claim against it would be removable if sued upon alone, and that the whole case is thus properly removed to this court. By contrast, Lawyers Title and LLL assert that the independent claim must be one asserted *by the plaintiff* in order for 28 U.S.C. § 1441(c) to apply, and claims between defendants cannot be the basis for removal.

This is not a case of first impression within this district. In *Cannon v. Goodyear Tire and Rubber Co.*, 241 F.Supp. 23 (E.D.S.C.1965), the plaintiff brought a products liability action against Goodyear Tire and Rubber Co., Inc., General Motors, Inc., and a South Carolina defendant. Because of the presence of the South Carolina defendant, the case could not originally have been brought in federal court. When the South Carolina defendant asserted a cross-claim against General Motors and Goodyear, those defendants filed a removal petition. In considering the matter, the Honorable Robert W. Hemphill held that 28 U.S.C. § 1441(c) only applies to actions in which an original plaintiff has asserted an

independent, removable claim. Judge Hemphill held:

Section 1441(c) is not applicable to the situation presented here. The defendants Goodyear and General Motors in their argument overlook the words "is joined" contained in the statute. The application of 1441(c) is restricted to situations where the plaintiff joins two or more claims, one of which will qualify as a separate and independent claim and does not apply to a claim introduced into the action by means of a cross-claim. Therefore 1441(c) only allows removal of a separate and independent claim which is joined with one or more non-removable claims by the plaintiff.

*Id.* at 25. Although Pioneer asserts that this is dictum, inasmuch as Judge Hemphill had also ruled that the cross-claim did not assert separate and independent claims, it is clear that Judge Hemphill squarely faced the issue. "Even if it were admitted that the cross-action was a separate and independent claim or cause of action, this still would not make this case one which is removable." *Id.*

The court is aware that there are many cases which have held that 28 U.S.C. § 1441(c) allows removal of entire actions by a third party defendant. *See Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir.1980); *Industrial Lithographic Co. v. Mendelsohn*, 119 F.Supp. 284 (D.N.J.1954). *See generally*, 1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.167[9] n. 8, –¶ 0.167[10] n. 17 (2d ed. 1983). However, just as many courts have adhered to the view that 28 U.S.C. § 1441(c) does not permit removal by a third party defendant or defendant to a cross-claim. *Id.* at ¶ 0.167[9] n. 12, –¶ 0.167[10] n. 22.

The court is of the opinion that removal is improper under § 1441(c) when the only removable claim is asserted by cross-claimants. The removal statute is intended to restrict removal jurisdiction, and as such, is to be narrowly construed. All doubts concerning removal jurisdiction should be construed in favor of the reten-

tion of state court jurisdiction. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir.1957); *Cooper v. Georgia Casualty & Surety Co.*, 241 F.Supp. 964, 966 (W.D.S.C.1965). Even though Pioneer's contract with LLL is a separate claim than LLL's contract with Lawyers Title Insurance Co., *all* of these matters were properly in dispute in this case as originally filed in state court. The court is convinced that the best course of action is to prevent the piecemeal litigation of this dispute and to allow the resolution of this case in the state court of its origin.

The judicial commentators have supported the view espoused by this court. "The application of 28 U.S.C. § 1441(c) is restricted to situations where the plaintiff joins two or more claims, one of which will qualify as a separate and independent claim, and does not apply to a claim introduced by means of a cross claim." Fed. Proc., L.Ed. *Removal of Actions* § 69:37 (Law.Co-op.1981).

There is also authority, however, that Congress intended to confine § 1441(c) to the situation in which there has been a joinder of two or more claims by the plaintiff. Under this reasoning any claim introduced into the state action by cross-claim, whether by a defendant against his co-defendant or by a plaintiff against his co-plaintiff, is not removable. We believe this to be the correct conclusion, primarily because the removal statute should be construed strictly, and against removal; and in this light § 1441(c) should be limited to the situation involving a joinder of claims by the plaintiff.

1A J. Moore, B. Ringle & J. Wicker, Moore's Federal Practice ¶ 0.167[9] (2d ed. 1983).

Another practical question that neither Congress nor the Supreme Court has yet to answer is whether third-party claims, cross-claims, and counterclaims are removable under Section 1441(c). The commentators seem to agree that "[S]ection 1441(c) applies only to claims joined by the plaintiff or plaintiffs." The majority of cases have concluded that a third-party defendant or a cross-claim defendant is not entitled to remove the case, although the courts are not entirely clear or consistent about whether this result is based on the conclusion (1) that a third-party or cross-claim defendant is not a "defendant" within the meaning of the removal statute, (2) that the application of Section 1441(c) is limited to claims joined by the plaintiff, or (3) that the third-party claim or cross-claim that is before the court is not sufficiently unrelated to the main claim to be a separate and independent claim or cause of action.

Analysis of those decisions that have permitted removal on the basis of third-party claims, cross-claims, or counterclaims makes it readily apparent that their reasoning is somewhat strained and that Section 1441(c) should not be interpreted as authorizing removal in these cases. In one of the most common situations—a third-party claim or cross-claim for indemnification—it is apparent that a separate and independent claim or cause of action is not presented. Even in situations in which third-party claims or cross-claims are factually or legally so different from the main suit that they are separate and independent, it seems rather drastic to force the plaintiff, whose choice of forum normally should be honored, to litigate in a federal court that he did not choose and one to which his adversary originally could not have removed. Of course, if removal under Section 1441(c) were allowed, it is possible for the court, in its discretion, to remand the jurisdictionally insufficient main case. But pursuing this course would increase the number of preliminary procedural steps necessary for selecting the forum and would vitiate some of the economy sought to be achieved by extending Section 1441(c) to third-party claims, cross-claims, and counterclaims.

14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3724 (1976) (quoting Moore & VanDercreek, Multi-Party, Multi-Claim Removal Problems: The Separate and Independent

Claim under Section 1441(c), 46 Iowa L.Rev. 489, 509 (1961)). The court concurs in the views of these commentators.

For the foregoing reasons and based on the cited authorities, the court is of the opinion that a defendant to a cross-claim may not utilize 28 U.S.C. § 1441(c) to remove a case to this court.

IT IS THEREFORE ORDERED that this case be, and the same hereby is, remanded to the Court of Common Pleas for the County of York, State of South Carolina; a certified copy of this order shall be mailed by the Clerk of this Court to the Clerk of the Court of Common Pleas for said York County, South Carolina.