**MEYERS–ARNOLD COMPANY, a Corporation, Plaintiff,**

v.

**MARYLAND CASUALTY COMPANY, a Corporation, Defendant.**

Civ. A. No. 5061.

United States District Court
D. South Carolina,
Greenville Division.

Dec. 10, 1965.

Charles W. Marchbanks, of Rainey, Fant & Horton, Greenville, S. C., for plaintiff.

James M. Shoemaker, Jr., and C. Thomas Wyche, of Wyche, Burgess, Freeman & Parham, Greenville, S. C., for defendant.

HEMPHILL, District Judge.

Plaintiff's motion of November 19, 1965, asking this Court to remand the cause to the Court of Common Pleas for Greenville County, S. C., precipitates a decision as to whether removal lies. The original Summons [1] and Complaint, dated September 20, 1965, were filed in the State Court, and the action commenced by service on defendant insurance company [2]

1. § 10–401 S.C.Code for 1962 provides: "Civil Actions in the courts of record of this State shall be commenced by service of a summons."

2. There was no contest that defendant came within the definition of § 37–2(4), S.C.Code, 1962, which provides: "Company," "companies," "insurance company," "insurance companies" or "insurer" shall be deemed to include any corporation, fraternal organization, burial association, other association, partnership, society, order, individual or aggregation of individuals engaging or proposing or attempting to engage as principals in any kind of insurance or surety business, including the exchanging of reciprocal or interinsurance contracts between individuals, partnerships and corporations;"

September 21, 1965 as provided by South Carolina Statute.[3] On October 8, 1965, defendant filed in this Court its Petition for Removal, but failed to allege requisites of jurisdiction here in order to come within the limited jurisdiction of 28 U.S.C. § 1332(a),[4] admittedly applicable. Realizing the omission was fatal, on October 16, 1965, defendant filed motion [5] to amend the Petition for Removal to include necessary allegations of diversity and amount, the truth of diversity and amount of demand being evident.

For complete orientation this Court recites that the complaint alleged plaintiff department store to be a South Carolina Corporation, defendant a foreign insurance company (corporation); that plaintiff through its Greenville, S. C., store purchased a contract of insurance, comprehensive in coverage, which guaranteed plaintiff indemnity or surety by defendant against dishonesty, misappropriation, etc., on the part of plaintiff's employees; that while coverage was in full effect employee Marion C. Gilliland as payroll clerk, and in incidental capacity, fraudulently converted, etc., $16,658.92; prayer of the complaint demanded judgment for the money amount and other relief.

Defendant did not object to State jurisdiction under State procedure,[6] but

3. § 10–425, S.C.Code, 1962, Service on insurance companies.—The Summons and any other legal process in any action or proceeding against it shall be served on an insurance company as defined in § 37–2, including fraternal benefit associations, which shall have appointed the Chief Insurance Commissioner as its attorney pursuant to the provisions of § 37–105 only by delivering two copies thereof to the Commissioner as such attorney of such company and such service shall be deemed sufficient service upon such company. When legal process against any such company is served upon the Commissioner he shall forthwith forward by registered mail one of the duplicate copies prepaid directed to the company at its home office or, in the case of a fraternal benefit association, to its secretary or corresponding officer at the head office of the association.

4. 28 U.S.C. § 1332(a) which reads: Diversity of citizenship; amount in controversy; costs. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between —(1) citizens of different States; (2) citizens of a State, and foreign states or citizens or subjects thereof; and (3) citizens of different States and in which foreign states or citizens or subjects thereof are additional parties.

5. TO: Messrs. Charles W. Marchbanks and J. Wright Horton, Attorneys for Plaintiff:
PLEASE TAKE NOTICE that the undersigned will move this Court in the Chambers of Honorable J. Robert Martin, Jr., United States Court House, Greenville, South Carolina, on the twenty-third day of October, 1965, at 10:00 A. M., or as soon thereafter as counsel can be heard, for leave to file Amended Petition for Removal, a copy of which is attached hereto as Exhibit "A", in response to alleged defects in the allegation of jurisdiction in the original Petition and in order to confirm the existence of jurisdiction, by showing that the Defendant Maryland Casualty Company, at the time this action was commenced was and still is a corporation incorporated under the laws of the State of Maryland, and had at the time this action was commenced and still has its principal place of business in the State of Maryland and was not at the time the action was commenced and is not now a citizen of the State of South Carolina wherein this action was brought. This amendment should be permitted under Federal Rule 15 which is applicable inasmuch as the Removal Petition has been filed with the District Court and under Federal Rule 81(c) of the Federal Rules of Civil Procedure which governs all subsequent procedure. Additionally, 28 U.S.C., Section 1653 provides that "Defective allegations of jurisdiction may be amended, upon terms in the trial of appellate courts."
/s/ James M. Shoemaker, Jr.
October 15, 1965. /s/ C. Thomas Wyche

6. § 10–641, S.C.Code, provides: Defendant to demur or answer within twenty days.—The only pleading on the part of the defendant is either a demurrer or an answer. It must be served within twenty days after the service of the copy of the complaint.

sought removal under provisions of 28 U.S.C.A. § 1446(a), (b) which reads:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the fact which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

■ Plaintiff contends that, because defendant's petition of October 8, 1965 was admittedly defective as to Section 1446(a), supra, removal fails. This Court has recently reiterated [7] the rule that the burden is on petitioner to establish grounds of removal of state court action to this forum. Unless the motion of October 16th is granted, allowing amendment to correct and conform, remand must lie.

Time here injects into the spectrum of consideration. The action having been commenced September 21, 1965, time to answer or otherwise plead,[8] 20 days, would expire October 11, 1965.[9] Plaintiff would invoke the passage of time to foreclose defendant here.

■ Before the twenty day period had elapsed under either State or Federal computation of time for procedural action by defendant, the Congress enacted Pub-

**7.** Rawls v. Ryder Truck Rental, Inc., 236 F.Supp. 116 (W.D.S.C.1964), and Cooper v. Georgia Casualty & Surety Co., 241 F.Supp. 964 (E.D.S.C.1965) (citing Rick v. Hedrick, 167 F.Supp. 491, 492 (W.D. Mo.1958); Puritan Fashions Corp. v. Courtaulds, Ltd., 221 F.Supp. 690, 696 (S.D.N.Y.1963); Lancer Industries, Inc., v. American Ins. Co., 197 F.Supp. 894, 896 (W.D.La.1961)).

**8.** See note 6 supra for State Rule; Federal Rule is governed by § 1446(b) supra.

**9.** Section 10-2 S.C.Code for 1965 provides: How time computed.—The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day be Sunday it shall be excluded. Rule 6(a) Federal Rules of Civil Procedure provides: Computation. In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), "legal holiday" includes New Year's Day, Washington's Birthday, Memorial Day, Independence Day, Labor Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held. As amended Jan. 21, 1963, eff. July 1, 1963.

lic Law 89–215, approved into law September 29, 1965, 79 Stat. 887 legislating:

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That subsection (b) of section 1446 of title 28, United States Code, is amended to read as follows:

"(b) The petition for removal of a civil action or proceeding shall be *filed within thirty days after* the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. [Emphasis added.]

The legislative history reveals passage by the House of Representatives March 15, 1965, by the Senate September 17, 1965. The brief, lucid, House Report [10] sums up the purpose of H.R. 3989 as:

The bill would simply amend subsection (b) of Section 1446, title 28, United States Code, by striking out the word "twenty" where it appears and substituting the word "thirty," thereby extending by 10 days the period within which removal petitions may be filed.

To supplement this summary this order recites the letter from Warren Olney, III, Director of the Administrative Office of the United States Courts to the Speaker of the United States House of Representatives, of January 11, 1965.[11]

Hon. John W. McCormack,
Speaker, House of Representatives,
Washington, D. C.

Dear Mr. Speaker: On behalf of the Judicial Conference of the United States I am transmitting herewith a draft of the bill to amend subsection (b) of section 1446 of title 28, United States Code, to extend to 30 days the time for filing petitions for removal of civil actions from State to Federal courts.

In a recent study of the removal procedure prescribed by chapter 89 of title 28, United States Code, a subcommittee of the Judicial Conference Committee on Revision of the Laws found that the existing 20-day period for filing a petition for the removal of a civil action from a State to a Federal court is so short as to make it impractical to remove many actions to the Federal court even though valid grounds for removal exist. The difficulty arises largely because of State provisions for substituted service on nonresident defendants by service on the secretary of state or other State officer as the agent of the nonresident. Where such substituted service is effected, there is frequently an understandable delay in procuring local counsel. By the time local counsel is obtained the 20 days for filing the removal petition frequently has run and the right to removal is thus lost. This is true particularly where an insurer assumes the defense and it is necessary for the defendant to turn the papers over to the insurer who in turn must forward them to local counsel. The time to answer after substituted service is in excess of 20

---

10. House of Representatives Report No. 132, 89th Congress, 1st Session, March 3, 1965 [to accompany H.R. 3989].

11. Previously, by letter to Chairman Celler of the House Judiciary Committee, June 9, 1964, Deputy Attorney General Katzenbach reported the Department of Justice favorable to the proposal.

days in 30 States. In the majority of these States such time is 30 days, in others longer and in some shorter.

Moreover, where personal service rather than substituted service is made, the time to answer is also more than 20 days in many States. Similar problems arise because of the tendency of the defendant, perhaps not familiar with his Federal rights, to delay retainer of counsel until the end of the period within which answer is required.

The Judicial Conference is of the view that the proposed amendment is desirable and should be enacted. Representatives of this Office will be glad to appear at any hearing by the committee to which the bill may be referred and to provide any further information that may be desired.

Sincerely yours,

If the amendment is allowed defendant, it is within the 30 days, which would expire October 21, 1965. If the 30 day rule is inapplicable, and the amendment is allowed, defendant is within time under provisions of Rule 15 [12] of the Federal Rules. This Court, under the liberal provisions of Rule 15 and with application of additional statute 28 U.S.C. § 1653,[13] allows the amendment.

This Court interprets the intent of Congress as a clear mandate to liberalize the time of seeking removal in the interest of justice. It was neither the intent of Congress, nor is found in this case any effect, to deprive plaintiff here, or any other litigant, of a substantial right. The treatment is of a purely procedural nature.[14]

The argument that the application here applied reads into the statute a retroactive, or retrospective, factor or mandate not intended by Congress must fail. The General rule, stated in 50 Am.Jur. Statute § 482 is:

A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy of confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes. To the contrary, *statutes or amendments pertaining to procedure are generally held to operate retrospectively, where the statute or amendment does not contain language clearly showing a contrary intention.* Indeed, in the absence of any savings clause, *a new law chang-*

---

12. Rule 15(a) (c), Federal Rules of Civil Procedure, provides:
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

13. 28 U.S.C. § 1653 provides: Amendment of pleadings to show jurisdiction. Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.

14. Fisher v. Exico Co., D.C., 13 F.R.D. 195, Marking v. New St. Louis & Calhoun Packing Co., D.C., 48 F.Supp. 680.

*ing a rule of practice is generally regarded as applicable to all cases then pending.* A fortiori, a statute or amendment which furnishes a new remedy, but does not impair or affect any contractual obligations or disturb any vested rights, is applicable to proceedings begun after its passage, though relating to acts done previously thereto. Sometimes, the rule is stated in the form that, when a new statute deals with procedure only, prima facie, it applies to all actions—those which have accrued or are pending and future actions. [Emphasis added.]

 The requirement as to time for removal is clearly not a substantive matter; it is not even jurisdictional. This was set forth by the United States Supreme Court in Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), where the Court stated:

But the time of filing a Petition for Removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal.'

See Weeks v. Fidelity & Casualty Company, 218 F.2d 503 (5th Cir. 1955); Parks v. New York Times Co., 195 F.Supp. 919 (M.D.Ala.1961).

The discretion of the Court having been exercised, in the pursuit of justice, allowing the amendment, it would be well to repeat here that the *Facts Warranting Removal Were Never In Doubt* insofar as can be determined.

Moore on Federal Practice supports the view that 28 U.S.C. § 1653 authorizing amendments of defective allegations of jurisdiction should apply to removal petitions and permit a defective allegation to be corrected by amending the petition at any time. See 1A Moore's Federal Practice, § 0.168 [3.–47] at page 1204. Moreover, Rule 15 of the Federal Rules of Civil Procedure, which provides that following 20 days after service "a party may amend his pleading only by leave of court or by written consent the adverse party; and leave shall be freely given when justice so requires." Rule 15, considered together with Rule 81(c), which states "These rules apply to civil actions removed to the United States District Courts from the state courts and govern procedure after removal," reinforce the conclusion that permission to amend the petition for removal should be granted by the Court.

Defendant's Motion to Amend is approved.

Petition for Removal to this Court is approved.

Motion to Remand is denied.

And it is so ordered.