Catarino Garza GARZA, Plaintiff,

v.

**MIDLAND NATIONAL INSURANCE COMPANY, a foreign corporation, Defendant.**

No. 66–615–Civ.

United States District Court
S. D. Florida.
July 18, 1966.

Sams, Anderson, Alper & Spencer, Miami, Fla., for plaintiff.

Dean & Adams, Miami, Fla., for defendant.

### ORDER OF REMAND

MEHRTENS, District Judge.

This is a suit on an insurance policy. The action was commenced in the Circuit Court of Dade County, Florida. The defendant timely filed a petition for removal to this court by reason of claimed diversity of citizenship and amount in controversy. The plaintiff has made a motion to remand on the ground that the defendant did not allege that the parties were citizens of different states at the time the action was commenced in the state court. The defendant did allege that diversity existed at the time the case was removed. The defendant has subsequently filed a motion to amend its petition for removal to supply the missing allegation.[1] For reasons to be explained, the plaintiff's motion to remand is granted and the defendant's motion to amend is denied.

In a removal situation, when a party bases jurisdiction on diversity of citizenship, the diversity must be shown not only at the time of removal, but also that it existed when the case was commenced in the state court. Stevens v. Nichols, 130 U.S. 230, 9 S.Ct. 518, 32 L. Ed. 914 (1889); Bell v. Whittenton, 250 F.Supp. 550 (W.D.Mo.1966); Matteson v. Bresette, 250 F.Supp. 646 (W.D.Mo. 1966). In the instant case paragraph five of the petition for removal states:

"5. That said action is a civil action of which this Court has original jurisdiction under Title 28, U.S.C. Sec. 1332, and is one which Defendant is entitled to remove to this Court pursuant to Title 28, U.S.C. Sec. 1441 in that said action is:

"a. Between citizens and residents of different states. The Plaintiff is a citizen and resident of Dade County, Florida.

"b. The Defendant is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois."

It is apparent from the above that diversity at the time of removal is alleged but not at the time of the filing

1. The defendant also would amend the petition to allege that the matter in controversy exceeds $10,000 exclusive of interest and costs. While the Court is of the opinion that such an allegation should have been in the petition, its omission was not jurisdictionally fatal since the complaint showed on its face a controversy involving $80,000. This portion of the amendment would be proper as correcting a defective allegation.

of the action in the state court. While it is permissible to find jurisdiction in other papers filed with the removal petition, at best in this case only the complaint shows that at the time of the suit plaintiff is a citizen of Florida, but does not disclose defendant's citizenship. Therefore, jurisdiction for removal is not present.

The defendant now seeks to cure the jurisdiction by amending its petition for removal. If the defendant is permitted to amend, it appears that jurisdiction would be proper. Thus, the principal issue is: Can a petition for removal be amended, with permission of the Court after the thirty days for removal have passed, to allege that diversity existed at the time of the suit when no such allegation was in the original petition and supporting papers.

Title 28 U.S.C. § 1653 provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

■■ That statute is not applicable to these facts because the statute refers only to "defective" allegations of jurisdiction, not "missing" allegations. There is no allegation of diversity at the time the suit was filed in the state court. The Supreme Court in Kinney v. Columbia Savings & Loan Assn., 191 U.S. 78, at page 83, 24 S.Ct. 30, at page 33, 48 L.Ed. 103 (1903), stated that the trial court had power "to permit amendment of pleadings to show diverse citizenship, and of removal proceedings where there is a *technical* defect and there are averments sufficient to show jurisdiction." [Emphasis added.] The Court pointed out that in the *Kinney* case citizenship "both at the time the suit was commenced and when the petition for removal was filed, was clearly and positively stated." Ibid. The *Kinney* case was further amplified in Southern Pacific Co. v. Stewart, 245 U.S. 359, at page 363, 38 S.Ct. 130, at page 131, 62 L.Ed. 345 (1917): "Amendments have been permitted so as to make the allegations of the removal petition more accurate and certain when the amendment is intended to set forth in proper form the ground of removal *already imperfectly* stated." [Emphasis added.] To add a *new* allegation of jurisdiction, as defendant seeks to do here, is not permitted by the statute or the Supreme Court. See Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F.Supp. 370 (E.D.Pa.1962); Yarbrough v. Blake, 212 F.Supp. 133 (W.D.Ark. 1962).

The defendant in its memorandum in support of its motion to amend the removal petition relies on Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5 Cir.), cert. denied, 368 U.S. 875, 82 S.Ct. 722, 7 L.Ed.2d 77 (1961). In the *Firemen's* case the Fifth Circuit permitted an amendment to the removal petition while the case was on appeal. The removal petition had alleged that at the time the suit was filed and when it was removed that plaintiff and defendant were citizens of different states. The removal petition omitted the citizenship of the corporate parties' principal place of business. The Fifth Circuit took into consideration that there was a general allegation of diversity at the proper times and that the statute requiring allegations of the principal place of business of corporations had been recently enacted. Therefore, the amendment was permitted under 28 U.S.C. § 1653 as perfecting a defective allegation of jurisdiction. That decision, however, does not control the facts of this case since there was no general allegation of diversity at the time the suit was filed, nor are there any extenuating circumstances similar to the adoption of a new statute.

■ Even if this Court were to assume it had the discretion to permit the amendment, such discretion would not be exercised in this case. The Court takes notice of the general judicial rule that state court authority should not be superceded by the federal courts without special authority and that the removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Since the thirty-day period allowed for the removal procedure, 28 U.S.C. § 1446 (b), has passed, this Court lacks jurisdiction to grant an amendment to supply missing allegations of jurisdiction. Only an amendment to cure a defective allegation may be brought after the thirty days. It is thereupon

Ordered and adjudged that this cause be and the same is hereby remanded to the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida.