Charles L. HANDY and Bird-in-Hand Poultry Co., a Corporation of the Commonwealth of Pennsylvania, Plaintiffs,

v.

UNIROYAL, INC., a New Jersey Corporation, Defendant.

Civ. A. No. 3667.

United States District Court
D. Delaware.

March 26, 1969.

William F. Taylor and Jack B. Jacobs, Wilmington, Del., for plaintiffs.

Howard L. Williams and Jay P. James, Wilmington, Del., for defendant.

## OPINION

STEEL, District Judge.

Two motions are before the Court. One is a motion by plaintiffs to remand the case which defendant, a non-resident, has removed to this Court purportedly on the ground of diversity of citizenship and an amount in controversy exceeding $10,000, exclusive of interest and costs. The second motion is by defendant for leave to amend its petition for removal under Rule 15(a), Fed.R.Civ.P., and 28 U.S.C. § 1653.

### MOTION BY PLAINTIFFS TO REMAND

The action was initially begun in the Superior Court of Delaware on January 10, 1969,[1] by filing a complaint and serv-

---

1. The verified petition for removal states that the action was commenced on Janu-ary 10, 1969, and that defendant was served on that date. This date is accept-

ing a copy thereof and a summons upon defendant to recover on causes of action having their source in state law. The complaint alleges that the individual plaintiff, Handy, is a "resident" (not "citizen") of Delaware; that the corporate plaintiff, Bird-in-Hand Poultry Co., is a corporation of the Commonwealth of Pennsylvania; and that corporate defendant, Uniroyal, Inc., is incorporated under the laws of New Jersey, is qualified to do business in Delaware, and has a registered agent located in Delaware. On February 3, 1969, defendant filed a timely petition to remove the action to this Court pursuant to 28 U.S.C. § 1446, and took all of the other actions required by § 1446(e).[2] The petition alleges that this Court has original jurisdiction under 28 U.S.C. § 1332(a), that defendant is not a citizen of Delaware, and does not have its principal place of business in Delaware. Beyond this, the petition to remove adds nothing to the allegations of citizenship in the complaint.

 Although the complaint and the petition to remove, read together, allege that the plaintiff, Bird-in-Hand Poultry Co., is a Pennsylvania corporation and the defendant, Uniroyal, Inc., is a New Jersey corporation, with its principal place of business outside of Delaware, neither alleges where the principal place of business of either corporation is located. Such latter allegation is necessary to determine whether diversity of citizenship exists, inasmuch as a corporation has a dual citizenship, the state of its incorporation and the state where it has its principal place of business. This dual citizenship of a corporation exists not only for determining diversity of citizenship in an action initially commenced in a District Court, but also for determining whether a case may be removed from a State Court under 28 U.S.C. § 1446 because of diversity of citizenship. 28 U.S.C. § 1332(c). In an action initially begun by one corporation against another in the Eastern District of Pennsylvania in which jurisdiction was claimed because of diversity of citizenship, it was held that such jurisdiction was lacking where the complaint contained no allegation of the principal place of business of either party. Wymard v. McCloskey & Co., Inc., 342 F.2d 495 (3d Cir. 1965) (en banc), *cert. denied,* 382 U.S. 823, 86 S. Ct. 52, 15 L.Ed.2d 68 (1965). *See also* 2A Moore's Federal Practice ¶ 8.10 at pp. 1657–68 (2d ed. 1968); *id.,* 1968 Cum.Supp. ¶ 8.10 at p. 1657; Form 2(a), Fed.R.Civ.P. Similarly, a petition to remove filed by a corporate defendant which alleged diversity of citizenship generally was held to be jurisdictionally defective because it failed to disclose the principal place of business of the defendant, or otherwise to show that its principal place of business was in a state other than that of the citizenship of the individual plaintiff. Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299, 300 (10th Cir. 1968). *See also* 1A Moore's Federal Practice ¶ 0.168 [3.–4] at pp. 1203–04 (2d ed. 1965).

 It is, therefore, clear that the original petition to remove was jurisdictionally defective. Unless an amendment is permissible which cures the deficiency, plaintiffs' motion to remand must be granted.

## DEFENDANT'S MOTION TO AMEND PETITION FOR REMOVAL

On February 20, 1969, the same date on which plaintiffs moved for a remand of the case to the State Court, defendant filed a motion, purportedly under Rule

---

ed by this Court, despite the fact that Defendant's Brief (Doc. 10) states that the action was commenced on January 9, 1969, and that defendant was served on January 13, 1969, and Plaintiffs' Brief (Doc. 6) states that the action was commenced on January 8, 1969. These briefs are not verified. It is irrelevant to the disposition of the matter before the Court which set of dates is accepted.

2. *See* letter dated March 17, 1969, from William F. Taylor, attorney for plaintiffs, to the Court with a copy to Jay P. James, attorney for defendant. (Doc. 17).

15(a), Fed.R.Civ.P., and 28 U.S.C. § 1653, for leave to amend its petition for removal to cure the jurisdictional deficiencies in the original removal petition. Without going into detail, it is sufficient to say that if the motion is granted, all of the allegations needed to establish diversity will be satisfied. The critical question is whether leave to amend should be granted.

28 U.S.C. § 1446(b) (insofar as relevant) provides that a petition for removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading. Since the complaint in the State Court was served upon the defendant on January 10, 1969, the time for filing the petition to remove expired on February 10, 1969.[3] Although the original petition was filed before this date, defendant's motion to amend the original petition was not filed until 10 days after the 30-day period fixed by § 1446(b) had expired.

American Home Assur. Co. v. Pacific Nat'l Ins. Co., Civ.A. No. 2454 (D.Del., Dec. 18, 1964), an unpublished opinion by the present judge, holds that no significant distinction existed between the filing after the statutory time of a petition for removal which properly pleaded diversity and the filing of a petition within the period which failed properly to allege diversity, and that in either case § 1446(b) was a bar to the removal. On this basis, it was held that the corporate defendant would not be permitted, after the time specified in § 1446(b) for the filing of an original petition, to amend its petition in order to cure its failure to allege the principal place of its business.[4] Plaintiffs rely heavily upon the American Home Assur. Co. decision which, if followed, requires a denial of defendant's motion to amend its petition to remove.

Defendant, on the other hand, urges that American Home Assur. Co. be reconsidered, particularly in the light of the later decision in Hendrix v. New Amsterdam Cas. Co., *supra,* which, if followed, would permit the amendment which defendant seeks. Because of the diverse views of the Courts which have considered the issue, (*see* the decisions pro and con referred to in American Home Assur. Co. v. Pacific Nat'l Ins. Co., *supra,* Hendrix v. New Amsterdam Cas. Co., *supra,* and Wright, Federal Courts § 40 (1963)), the Court has concluded that the problem should be reexamined at this time.

28 U.S.C. § 1653 provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

On its face, this statute gives no indication whether it authorizes an amendment to cure a jurisdictionally defective removal petition which has been filed within the 30-day period fixed by § 1446 (b) when the amendment is sought after the expiration of the statutory deadline. The legislative history of § 1653, however, is highly significant. The Historical and Revision Notes which follow § 1653 state that § 1653 is based upon Title 28 U.S.C., 1940, ed., § 399, Mar. 3, 1911, c. 231, § 274c, as added Mar. 3, 1915, c. 90, 38 Stat. 956. This latter statute provided:

"Where, in any suit brought in or removed from any State court to any district of the United States, the jurisdiction of the district court is based upon the diverse citizenship of the parties, and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been

---

3. *See* Rule 6(a), Fed.R.Civ.P.

4. A copy of the opinion in American Home Assur. Co. v. Pacific Nat'l Ins. Co., *supra,* is attached to this opinion as "Appendix".

fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal."

This forerunner of § 1653 states in the clearest terms that when an action is sought to be removed from a State to a Federal Court upon the ground of diversity of citizenship and such diversity is defectively alleged but in fact exists, either party may amend "at any stage of the proceedings and in the appellate court" to show such diverse citizenship and jurisdiction. Were this section in effect today, there could be no question about the power of the Court to grant defendant's motion to amend.

The Historical and Revision Notes to § 1653 state that the statute which preceded it "was extended [by § 1653] to permit amendment of all jurisdictional allegations instead of merely allegations of diversity of citizenship as provided by the former section." Since this extension was the only purpose of enacting § 1653, it should be interpreted in the present context to have the same meaning as 28 U.S.C. § 1940, ed. § 399, and to authorize the amendment of a jurisdictionally defective petition after the time-period fixed by § 1446(b).

Another approach supports this conclusion. When all steps specified in § 1446(e) have been taken, as was done in the instant case on February 3, 1969, the removal is thereby effected, § 1446(e), and thereafter the procedure in the Federal Court is governed by the Federal Rules of Civil Procedure. Rule 81(c), Fed.R.Civ.P. Rule 4(h), Fed.R.Civ.P., provides:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substan-

tial rights of the party against whom the process issued."

This authorizes the Court to allow "any process" to be amended at "any time", absent a showing of material prejudice to the substantial rights of the party against whom the process issued. In Kinney v. Columbia Savings & Loan Ass'n, 191 U.S. 78, 82, 24 S.Ct. 30, 48 L.Ed. 103 (1903), the Court held that a removal petition and bond were "in the nature of process" and hence that the Court was authorized by § 948 Revised Stat. to permit the petition to be amended "at any time." This statute was substantially identical to Rule 4(h), Fed.R. Civ.P.[5]

The amendment to the petition to remove to cure the jurisdictional defect was permitted in the *Kinney* case even though the time for filing the original petition to remove had passed. *See* Hendrix v. New Amsterdam Cas. Co., *supra,* 390 F.2d at 301.

In Hendrix v. New Amsterdam Cas. Co., 390 F.2d 299 (10th Cir. 1968), the Court of Appeals sustained the District Court's permitting the amendment of a removal petition, under 28 U.S.C. § 1653, after the time for filing such petition had expired, to allege the principal place of business of the corporate defendant, and to allege "citizenship" of the plaintiff, as distinguished from "residence." In sustaining the lower court's action, the Court said (390 F.2d at 301–302):

"We are not unmindful of numerous district court opinions which question the power to allow such amendments under varying circumstances after the time for initially filing removal petitions has expired. But if applied to circumstances comparable to those of the present case, we believe that their reasoning would be too grudging with reference to the controlling statute [28 U.S.C. § 1653], too prone to equate

---

5. Section 948 of Revised Stat. (1878) provided:

"Any circuit or district court may at any time, in its discretion, and upon such terms as it may deem just, allow

an amendment of any process returnable to or before it, where the defect has not prejudiced, and the amendment will not injure the party against whom such process issues."

imperfect allegations of jurisdiction with the total absence of jurisdictional foundations, and would tend unduly to exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts.

\* \* \* Without questioning that removal requirements should be strictly applied, the statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent. To be unduly restrictive in determining 'defects' amendable under the statute in removal proceedings in principle would preclude the practical correction of similar inadvertences in proceedings originally brought in the federal courts, since the statute concerning amendments pertains to both."

Such amendments were permitted after the expiration of the § 1446(b) time period in Firemen's Ins. Co. of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961), *cert. denied*, 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961); Meyers-Arnold Co. v. Maryland Cas. Co., 248 F.Supp. 140 (D.S.C.1965); Teeter v. Iowa-Illinois Gas & Elec. Co., 237 F.Supp. 961, 963 (N.D.Iowa 1964); Royal Crest Development Corp. v. Republic Ins. Co., 225 F.Supp. 76 (E.D.N.Y.1963); Goforth v. Allstate Ins. Co., 213 F.Supp. 595 (W.D.N.C.1963); Park v. Hopkins, 179 F.Supp. 671 (S.D.Ind.1960). Wright, while conceding that the "numerical majority" of the cases refuse to allow amendment of the petition to allege principal place of business after the expiration of the § 1446(b) time period, appears to favor the line of cases which allow such an amendment. To allow such an amendment, he states, is consistent with § 1653 and is in effect merely stating "more specifically a ground for removal which is already imperfectly stated." Wright, Federal Courts § 40 (1963).

Furthermore, Rule 15(a), Fed.R.Civ. P., mandates that leave to amend "pleadings" shall be freely given when justice so requires. A petition to remove is not among the papers denominated "pleadings" in Rule 7(a). Nonetheless, the Supreme Court in Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U.S. 146, 151–152, 34 S.Ct. 278, 58 L.Ed. 544 (1914), characterized the petition to remove as a pleading, and in Meyers-Arnold Co. v. Maryland Cas. Co., 248 F.Supp. 140, 145–146 (D.S.C.1965), the Court held that a removal petition was amendable under Rule 15 after the running of the § 1446 (b) time period. See also Hendrix v. New Amsterdam Cas. Co., *supra*, 390 F. 2d at 301, n. 3 where the Court draws an analogy between Rule 15(c) and § 1653 in apparent support of the lower court's relating back of the removal petition's amendment to the time of the filing of the original petition. Cf. Goforth v. Allstate Ins. Co., *supra*, 213 F.Supp. at 598.

▇▇ From what has been said, it is clear that both under 28 U.S.C. § 1653 and Rule 4(h), Fed.R.Civ.P., and possibly also under Rule 15(a), the Court has the power to permit the defendant to amend its removal petition to cure a defect in a purported jurisdictional allegation even though the time for the filing of an original petition has expired. No equitable considerations for denying the amendment have been demonstrated. Many amendments have been granted upon the basis of either 28 U.S.C. § 1653 or Rule 4(h) *in circumstances comparable to* those at bar. Despite the contrary view which this Court expressed in American Home Assur. Co. v. Pacific Nat'l Ins. Co., *supra*, further reflection on the problem, and particularly the application of 28 U.S.C. § 1653 and Rule 4(h), has convinced the Court that the amendment to the petition to remove should be allowed.

Accordingly, an order will be entered granting defendant leave to amend its removal petition and denying plaintiffs' motion to remand the original petition.

APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AMERICAN HOME ASSURANCE COMPANY
 Plaintiff,

 v. Civil Action No. 2454

PACIFIC NATIONAL INSURANCE COMPANY,
 Defendant.

---

William F. Taylor, Morford, Young and Conaway, Wilmington, Delaware, for plaintiff.

William Prickett, Jr., Wilmington, Delaware, for defendant.

## OPINION

STEEL, District Judge.

This action, originally begun in the Superior Court of Delaware, was removed to this Court by petition filed on April 13, 1962 by one of the defendants, Pacific National Insurance Company (Pacific).

The removal petition alleges that the matter in controversy exceeds the sum of $10,000 exclusive of interest and costs, and that this Court has "original jurisdiction because of diversity of citizenship, since the defendant Pacific National Insurance Company is not a citizen of the State of Delaware in which the action was brought." The statutory basis relied upon for the removal is 28 U.S.C. § 1441(a).[1]

This Court has raised the question, *sua sponte*, whether the requisite jurisdictional diversity of citizenship appears either in the removal petition or in the Superior Court complaint attached to the petition (removal papers). They disclose that there are two plaintiffs, American Home Assurance Company, a New York corporation (American), and an individual, Williamson; and that there are four defendants, Pacific, a California corporation, and three individuals. The Complaint seeks a declaratory judgment to determine the relative obligations of the two insurance companies to defend, and if necessary, to indemnify the plaintiff Williamson against any loss which he might sustain in an action brought against him by the individual defendants as the result of an automobile accident. The petition alleges that the three individual defendants are no more than nominal or formal parties, or, if they have any interest, that they should be aligned in the action as plaintiffs. For purposes of this opinion it will be assumed that this allegation is accurate.

28 U.S.C. § 1332(a) vests in the district courts original jurisdiction of civil actions where the matter in controversy exceeds the sum of $10,000 exclusive of interest and costs, and is between citizens of different states. Subparagraph (c) states that for purposes of § 1332 and § 1441

---

1. § 1441(a) provides:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

"a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

The petition alleges that the defendant Pacific is, and at the time the alleged claim for relief arose was, a corporation of the state of California, and that its principal place of business is in California. By contrast, the removal documents do not allege where the plaintiff American is incorporated, or where its principal place of business is located, although the caption describes American as a New York corporation. Nor do the removal papers indicate of what state the plaintiff Williamson is a citizen.

The latter circumstance without more is a vital jurisdictional infirmity, for diversity between Williamson and Pacific nowhere appears. No claim is made in the removal papers that Williamson is merely a nominal or formal party or, if he is not, that he should be realigned as a party plaintiff, as Pacific has alleged with respect to the three individual defendants.

The failure of the removal papers to indicate that the principal place of business of American is somewhere other than in California, where Pacific is incorporated and its principal place of business is located, is an additional jurisdictional deficiency. It is always presumed that a cause of action is outside of the jurisdiction of a district court, unless the contrary is made to affirmatively appear by the record. A party seeking to invoke the jurisdiction of the district court must plead the existence of facts sufficient to support the jurisdiction. It has been held that although the state of incorporation of a corporate defendant differs from the residence of a plaintiff, the failure of plaintiff to allege the location of the principal place of business of the corporate defendant prevents the district court from acquiring jurisdiction. Brandt v. Bay City Super Market, 182 F.Supp. 937 (N.D.Cal.1960); Wright v. Governor Hotel Operating Co., 184 F. Supp. 156 (E.D.Ill.1960). This same principle has been applied to justify remanding for lack of diversity jurisdiction a case which has been removed. Bradford v. Mitchell Brothers Truck Lines, 217 F.Supp. 525 (N.D.Cal.1963); Carlton Properties, Inc. v. Crescent City Leasing Corp., 212 F.Supp. 370 (E.D.Pa. 1962), and cases cited *infra*.

Having been informed of the jurisdictional problem and the duty imposed upon the Court by 28 U.S.C. § 1447(c) [2] to remand a case whenever it appears at any time before final judgment that the case was removed without jurisdiction, the attorney for Pacific has advised the Court that diversity of citizenship did in fact exist, and that the attorney for American has no objection to Pacific filing an amended petition to properly allege the requisite diversity of citizenship. Directing the Court's attention to 28 U.S.C. § 1653 [3], he has requested permission to file such an amended petition.

The original petition to remove was filed on April 13, 1962. Leave to amend the petition to supply the requisite jurisdictional facts was sought on December 9, 1964. In its application to the present case, 28 U.S.C. § 1446(b) provides that a petition for removal shall be filed within twenty days after the defendant has received a copy of the complaint.[4] This was on or before April 13, 1962.

---

2. § 1447(c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

3. § 1653 provides:

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

4. § 1446(b) reads:

"The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial plead-

Admittedly, the cases are in conflict on whether a removing defendant should be permitted to file an amended petition after the expiration of the statutory time for removal in order to cure a jurisdictional defect by alleging the principal place of business of a corporate party. Young Spring & Wire Corp. v. American Guarantee & Liability Insurance Co., 220 F.Supp. 222, 228 (W.D.Mo.1963), citing cases pro and con in footnote 2. Firemen's Insurance Company of Newark, N. J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir.), *cert. denied* 368 U.S. 875, 82 S.Ct. 122, 7 L.Ed.2d 77 (1961), cited by *Pacific* supports those courts which permit an amendment.[5] The great weight of authority, however, is said to be to the contrary. Bradford v. Mitchell Brothers Truck Lines, 217 F.Supp. 525, 527 (N.D.Cal., N.D.1963). At least two districts in this circuit have denied a removing defendant leave to amend a petition, after the statutory time for filing it has expired, for the purpose of alleging the principal place of business of a corporate party. Washington-East Washington Joint Authority v. Roberts & Schaefer Co., 180 F.Supp. 15, 18 (W.D. Pa.1960) and Carlton Properties, Inc. v. Crescent City Leasing Corp., *supra,* both of which followed Browne v. Hartford Fire Insurance Co., 168 F.Supp. 796, 799–800 (N.D.Ill.1959). Other cases to the same effect are: Bradford v. Mitchell Brothers Truck Lines, *supra;* Young v. Railway Express Agency, Inc., 209 F. Supp. 953 (W.D.Ky.1962); Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193 (M.D.

Tenn.1962); Eubanks v. Krispy Kreme Donut Co., 208 F.Supp. 479 (E.D.Tenn. 1961); F. & L. Drug Corp. v. American Continental Ins. Co., 200 F.Supp. 718 (D.Conn.1961); Gobet v. Intercontinental Motels Corp. (Ponce), 184 F. Supp. 171 (D.P.R.1960); Adams v. Ralph L. Smith Lumber Co., 181 F.Supp. 729 (N.D.Cal.1960); Roseberry v. Fredell, 174 F.Supp. 937 (E.D.Ky.1959).

It is unnecessary to restate the various grounds relied upon in the cases which have denied leave to amend, after the statutory period of removal has passed, to cure jurisdictional defects. It is enough to say that those decisions appear more persuasive than the ones which hold to the contrary.

It is not significant that the attorney for plaintiffs has agreed to the filing of an amended petition. The statutory time for filing a removal petition is mandatory and is not subject to waiver by stipulation of the parties. Putterman v. Daveler, 169 F.Supp. 125, 128–129 (D.Del.1958); Burns v. Standard Life Insurance Company of Indiana, 135 F. Supp. 904, 906–907 (D.Del.1955). There is no significant distinction between the failure to file a petition for removal within the statutory period and the filing of a petition within the period which is jurisdictionally defective in a vital particular. Henlopen Hotel Corp. v. Aetna Insurance Co., 213 F.Supp. 320 (D.Del. 1963) is not inconsistent with this view.

An order of remand will be entered.

---

ing setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

5. Pacific has also brought to the Court's attention Allstate Insurance Co. v. Lumbermens Mutual Casualty Co., 204 F. Supp. 83 (D.Conn.1962) and McGuigan

v. Roberts, 170 F.Supp. 372 (S.D.N.Y. 1959). So far as appears from the opinion, the *Allstate Insurance Co.* case did not involve a petition to remove, and McGuigan v. Roberts involved an amended petition which had been filed within the statutory time for removal. This latter situation presents a different question than whether an amendment should be permitted after the statutory time to remove has expired. Carlton Properties, Inc. v. Crescent City Leasing Corp., *supra* 212 F.Supp. at 371.