**ROSSI, TURECAMO & CO., INC., Plaintiff,**

**v.**

**BEST RESUME SERVICE, INC., Defendant.**

**No. 80–6130–CIV–JAG.**

United States District Court, S. D. Florida, N. D.

Sept. 11, 1980.

---

3. *See* footnote 2 *supra*.

**438**

Cecil T. Farrington, Fort Lauderdale, Fla., for plaintiff.

John H. Oltman, Oltman & Flynn, Fort Lauderdale, Fla., for defendant.

GONZALEZ, District Judge.

THIS CAUSE is before the Court on plaintiff's Memorandum in Opposition to the Petitioner's Conditional Motion for Leave to Amend.

The memorandum was filed subsequent to the Court's entry of an Order dated April 11, 1980, wherein the Court granted defendant's Conditional Motion for Leave to Amend its Petition for Removal and denied plaintiff's Motion to Remand. Since the memorandum raises an issue not previously considered, the Court shall treat the memorandum as a Motion for Rehearing.

The principal issue before the court is whether a petition for removal that fails to allege the principal place of business of a corporate party may be cured by amendment after the expiration of the thirty day removal period.

The courts agree that the petition may be amended if the jurisdictional allegations are technically defective. Since a divergence of opinion exists over what constitutes a technical deficiency, the court must examine the relevant authorities to determine whether the principal place of business of a corporate party is a technical defect that may be cured by amendment.

On February 13, 1980, plaintiff, Rossi, Turecamo & Co., Inc. filed a Complaint seeking injunctive relief against defendant, Best Resume Service, Inc., in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. The gravamen of the Complaint is that plaintiff has acquired a common law right to the exclusive use of the trade name "Action Resume", and that defendant has wrongfully appropriated said name "Action Resume" in direct and unfair competition with plaintiff.

On March 10, 1980, pursuant to 28 U.S.C. § 1441, the defendant removed this action to the United States District Court and filed an Answer and Counterclaim. In its Petition for Removal the defendant averred that this court has federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, respectively.

As a preliminary matter, the court addresses the question whether removal on the basis of a federal question is appropriate.

It is settled that the question of whether an action arises under federal law is determined by referring to the complaint, not a petition for removal or a counterclaim. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974) (per curiam). *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936).

Removal to the federal court may not be defeated by casting a federal claim in terms of state law; nonetheless, where a plaintiff has both state and federal remedies, he may base his claim in the state court solely on state law, and preclude removal based on the existence of a federal question. *National Bank of North America v. Local 553 Pension Fund, International Brotherhood of Teamsters*, 463 F.Supp. 636, 639 (E.D.N.Y. 1978); *Coulston v. International Brotherhood of Teamsters*, 423 F.Supp. 882, 884 (E.D.Pa.1976); Wright, Miller & Cooper, Federal Practice and Procedure § 3722 (1975).

In its petition the defendant maintained that a federal remedy for unfair competition is found in 15 U.S.C. § 1125, thereby creating federal jurisdiction. The Complaint, however, clearly indicates that the plaintiff has foregone this federal remedy and has elected a common law cause of action. The court accordingly finds that there is no federal question and that there is no removal jurisdiction on that basis.

The court now focuses on the central question, to wit: whether diversity jurisdiction is the appropriate basis for removal of this action.

In paragraph 2 of the Petition for Removal, defendant alleged that:

Plaintiff, Rossi, Turecamo & Co., Inc., at the time this action was commenced was and still is a corporation incorporated under the laws of the State of New York, and the defendant Best Resume Service, Inc., at the time this action was commenced was and still is a corporation incorporated under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania, and was not and is not a citizen of the State of Florida where the action was brought.

The Plaintiff filed a Motion to Remand arguing that the defendant's Petition for Removal was fatally defective in failing to show essential elements of diversity jurisdiction.

On April 3, 1980, after the thirty day removal period expired, the defendant filed a Conditional Motion for Leave to Amend the Petition for Removal to add that plaintiff, Rossi, Turecamo & Co., Inc., has its principal place of business in a state other than Pennsylvania.

▌▌ Pursuant to 28 U.S.C. § 1441(b), removal is authorized "only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." After an action is brought in state court, a noncitizen corporation is entitled to remove the action to federal court on the grounds of diversity of citizenship. For the purposes of removal by a corporate party, diversity of citizenship is controlled by 28 U.S.C. § 1332(c) which provides in relevant part that "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Thus, a foreign corporate defendant with its principal place of business in the state in which the removal action is brought is a citizen of that state and cannot remove the action on the ground of diversity of citizenship.

Section 1446(b) delineates the time frame within which the petition for removal must be filed.

The petition for removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Where the case stated by the initial pleading is not removable, the petition may be filed within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

During the thirty day removal period provided by section 1446(b) there appears to be no question that the petition may be freely amended. See Wright, Miller & Cooper, Federal Practice and Procedure § 3733 (1975); Annot. 12 A.L.R.Fed. 429, 434 (1972). After the expiration of the thirty day period, authority for the amendment of the petition will, under certain circumstances, be controlled by 28 U.S.C. § 1653 which provides that, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

Although on its face, section 1653 offers no enlightenment as to whether it authorizes amendments of defective jurisdictional allegations after the expiration of the deadline, its legislative history offers singular insight. In *Handy v. Uniroyal, Inc.*, 298 F.Supp. 301, 303–304 (D.Del.1969) the court examined the predecessor to § 1653 which provided:

Where in any suit brought in or removed from any State court to any district of the United States, the jurisdiction of the district court is based upon the diverse

citizenship of the parties and such diverse citizenship in fact existed at the time the suit was brought or removed, though defectively alleged, either party may amend at any stage of the proceedings and in the appellate court upon such terms as the court may impose, so as to show on the record such diverse citizenship and jurisdiction, and thereupon such suit shall be proceeded with the same as though the diverse citizenship had been fully and correctly pleaded at the inception of the suit, or, if it be a removed case, in the petition for removal. 28 U.S.C., 1940 ed., § 399, Mar. 3, 1915, c. 90, 38 Stat. 956.

The predecessor to section 1653 clearly permitted amendment at any stage of the proceedings and in the appellate court to show jurisdictional diversity of citizenship. The court in *Handy* noted that, "[w]ere this section in effect today, there could be no question about the power of the Court to grant defendant's motion to amend." 298 F.Supp. at 304.

The court then held that section 1653 should be interpreted as having the same meaning as its forerunner, thereby authorizing the amendment of a jurisdictionally defective removal petition after the time period delineated in 28 U.S.C. § 1446(b). *Id.* at 304.

Plaintiff places great weight on *Garza v. Midland National Insurance Company*, 256 F.Supp. 12 (S.D.Fla.1966) and *Van Horn v. Western Elec. Co.*, 424 F.Supp. 920 (E.D. Mich.1977). It would appear, however, that plaintiff's reliance is misplaced.

In *Garza*, the issue before the court was whether the petition could be amended after the thirty day period, where the original petition and supporting papers failed to contain any allegations that diversity existed at the time of the suit. Judge Mehrtens held that section 1653 was not applicable because the statute only referred to "defective" allegations of jurisdiction, not "missing" jurisdictional allegations. 256 F.Supp. at 14. In addition, Judge Mehrtens ruled that *Kinney v. Columbia Savings & Loan Assn.*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903) was inapposite. In *Kinney* the Court

held that the trial court had power "to permit amendment of pleadings to show diverse citizenship, and of removal proceedings where there is a *technical* defect and there are averments sufficient to show jurisdiction." 191 U.S. at 83, 24 S.Ct. at 83. Thus the court in *Garza* concluded that section 1653 as well as the Supreme Court distinguished between defects in allegations and absence of allegations of diversity of citizenship. 256 F.Supp. at 14.

In *Van Horn*, the defendant corporation attempted to amend its petition for removal in a cause of action brought by a noncorporate plaintiff. The defendant failed to allege its own principal place of business, alleging only that it was a "corporation incorporated under the laws of the State of New York." The court recognized the distinction between a petition with a technical defect and a petition where an essential allegation was lacking. The court went on to hold that the defendant's failure to allege its principal place of business in the removal petition was an essential omission; to allow an amendment after the thirty day period would vest new jurisdiction. *Id.* at 925; *cf.* Wright, Miller & Cooper, Federal Practice and Procedure § 3733 (1975) (Recognizing *Van Horn* and stating that the better view allows amendment for that purpose after the thirty day period even on appeal).

In distinguishing those cases which had allowed the amendment the court in *Van Horn* found two explanations. First, appellate decisions permitting amendments pursuant to section 1653 have decided the question after the case has been litigated to a final judgment. Thus, concern for the conservation of judicial resources was a factor. *Id.* at 926, citing, *Whitelock v. Leatherman*, 460 F.2d 507, 515 (10th Cir. 1972). Second, those courts relying on *Kinney*, 191 U.S. 78, 24 S.Ct. 30, 48 L.Ed. 103 (1903), have allowed the amendment to cure technical defects in the jurisdictional allegations. 424 F.Supp. at 926–27. Finally the court said that those cases which were factually indistinguishable from *Van Horn* and which allowed amendment were "unpersuasive". *Id.* at 927.

Clearly there is agreement that a petition for removal may be amended after the thirty day period provided the original petition is merely "defective". A petition may not be amended if jurisdictional allegations are "missing". The division of opinion arises over the question of what constitutes a defective allegation which may be cured under section 1653.

The position of the Fifth Circuit was stated in *Firemen's Insurance Co. v. Robbins Coal Co.*, 288 F.2d 349 (5th Cir. 1961), where the Petition for Removal failed to contain allegations of the principal place of business of either party. The petitioner first moved to amend its petition on appeal. The court held that under section 1653 an amendment to the petition was proper, thereby curing the defect.

> The general allegation in the original petition for removal in this case, 'that the controversy in said case is entirely between citizens of different states', although conclusionary in nature and possibly not sufficient if not amended, is sufficient to confer jurisdiction on the federal courts to permit the curing of the defect by amendment. *Id.* at 350, citations omitted.

The court in *Firemen's Insurance* based its decision on a determination that the failure to allege the principal place of business of either party was a technical defect. The amendment under these circumstances was not vesting new jurisdiction. Moreover, the court did not indicate that concern for the conservation of judicial resources was a factor in reaching its conclusion.

Recently the Fifth Circuit held that *Firemen's Insurance* was dispositive on the question of the district court's authority to permit an amendment to a petition containing faulty allegations of diversity jurisdiction. *D. M. McDuffie v. Old Reliable Fire Insurance Co.*, 608 F.2d 145 (5th Cir. 1979). The court reasoned that section 1653 in conjunction with the decision in *Firemen's Insurance* permitted the faulty allegations of jurisdiction to be cured in an amended petition for removal. *Id.* at 146–47.

In reaching a decision this court is mindful of the admonition in *Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 301–02 (10th Cir. 1962).

> Without questioning that removal requirements should be strictly applied, the statute authorizing correction of defects by amendment to conform to the true facts should not be dissipated in the process, but should be given practical effect in accordance with its apparent intent. To be unduly restrictive in determining 'defects' amendable under the statute in removal proceedings in principle would preclude the practical correction of similar inadvertences in proceedings originally brought in the federal courts, since the statute concerning amendments pertains to both.

After a careful consideration of the foregoing the court finds that the failure of the original Petition for Removal to contain allegations of the plaintiff's principal place of business was a technical defect that may be cured by an amendment pursuant to section 1653 after the thirty day period for removal expired. This is not an instance where the omission was so essential that new jurisdiction would have to vest. The original petition, although technically defective, is not fatally flawed.

It is accordingly ORDERED AND ADJUDGED as follows:

1. That the Court construes plaintiff's Memorandum in Opposition to Petitioner's Conditional Motion for Leave to Amend as a Motion for Rehearing of the plaintiff's Motion for Remand which was denied in an Order dated April 11, 1980.

2. That the plaintiff's Motion for Rehearing be, and the same is hereby DENIED.